## FAULKNER v. LITTLE ROCK FURNITURE MFG. CO.

District Court, E. D. Arkansas, W. D.
April 9, 1940.

Pat Robinson and Paul E. Talley, both of Little Rock, Ark., for plaintiff.

E. Rodney Parham and H. T. Harrison (of Buzbee, Harrison, Buzbee & Wright), both of Little Rock, Ark., for defendant.

TRIMBLE, District Judge.

The plaintiff in this action is an assistant truck driver or helper, employed in delivering goods, wares and merchandise manufactured by the defendant, and in bringing to the defendant, from out of the state,

certain raw materials and supplies from which it manufactures furniture. He brings this action for compensation under the Fair Labor Standards Act of 1938, and amendments thereto, 29 U.S.C.A. §§ 201–219, both for himself, and by amendment to his complaint, for Roy Roderick, a fellow employee similarly situated, alleging that they are engaged in the service of the defendant and that the defendant is engaged in interstate commerce.

The defendant by stipulation of counsel in open court admits that it is engaged in the manufacture of furniture which it sells, in part at least, in interstate commerce, and that the plaintiff herein is engaged in part in transporting the furniture which the defendant produces in interstate commerce.

For the purposes of the issue before the court it may be assumed that the plaintiff's testimony that he had worked on an average of a hundred hours a week for the time alleged in his complaint is true, and it is uncontradicted that his rate of pay was fifteen dollars per week.

The plaintiff introduced his evidence in chief and rested, whereupon defendants filed a motion to dismiss the action, its contention being that the plaintiff cannot recover for the reason that under the provisions of the Fair Labor Standards Act of 1938, Chapter 676, Sec. 13, 52 Stat. 1060, Title 29, Section 213, U.S.Code, and amendments thereto, 29 U.S.C.A. § 213, the plaintiff and those in his class, are especially exempted from the provisions of the Fair Labor Standards Act of 1938.

This action is brought under the provisions of Section 207, 29 U.S.C.A., which is Section 7, 52 Stat. 1063, the Fair Labor Standards Act of 1938, which provides for maximum hours of service, and, if applicable here, would prohibit the employment of the plaintiff and those similarly employed for a period of more than forty-four hours per week, without additional compensation, and provides for the payment of certain penalties.

Section 213, Title 29, U.S.Code, 29 U.S.C.A. § 213, provides (so far as applicable): "(b) The provisions of section 207 shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49." U.S.Code.

Section 304 of Title 49, U.S.Code, 49 U.S.C.A. § 304, provides (in so far as applicable):

"Powers and duties of commission (a) It shall be the duty of the Commission— * * *

"(3) To establish for private carriers of property by motor vehicle, if need therefor is found, reasonable requirements to promote safety of operation, and to that end prescribe qualifications and maximum hours of service of employees, and standards of equipment. * * *"

From this it clearly appears that the Interstate Commerce Commission has power to establish "qualifications and maximum hours of service" pursuant to that section, for the plaintiff and those similarly employed or situated. For the purposes of this case it may be assumed that they have not done so as none have been called to the attention of the court.

Congress by legislation having empowered the Interstate Commerce Commission, if need is found, to prescribe maximum hours of service for employees situated as the plaintiff and exempted them from the provisions of the Fair Labor Standards Act of 1938, there is presented a different situation from that where by the Constitution of the United States the states have delegated the power to Congress to legislate upon a subject, but where Congress has failed to do so and left the field unoccupied, in which event it has been uniformly held that the states themselves have a right to legislate upon the subject. In such a case, which is clearly a delegation of authority, there is impliedly a reservation of authority in the states to legislate upon the subject until such time as Congress sees fit to act.

In Section 213(b), Title 29, U.S.Code, 29 U.S.C.A. § 213(b), there is no such reservation, and none can be implied, and it appearing that under the provisions of Section 304(a) (3) of Title 49, U.S.Code, 49 U.S.C.A. § 304(a) (3), Congress has delegated to the Interstate Commerce Commission the power to make regulations for qualifications and maximum hours of service for such employees, the whole field is occupied, and it further appearing that under the provisions of the Fair Labor Standards Act of 1938, as amended (August 9, 1939, Chap. 605, 53 Stat. 1266, 29 U.S.C.A. § 213), the regulation of qualifications and maximum hours of service of employees "with respect

to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service", have been exempted from the provisions of the Fair Labor Standards Act of 1938, there is and could be no reservation of power for the Administrator of the Fair Labor Standards Act of 1938 to act until such time as the Interstate Commerce Commission shall see fit to act.

In the case of Lowrimoore v. Union Bag & Paper Corporation, 30 F.Supp. 647, decided November 15, 1939, by the United States District Court for the Southern District of Georgia, it was held that the plaintiffs, who were employed as bargemen upon inland waters, were "seamen", and seamen being exempted under the Fair Labor Standards Act of 1938, that the plaintiffs could not prevail in that action.

In the case of American Trucking Association Inc. et al. v. United States, D.C., 31 F.Supp. 35, decided on December 4, 1939, by a three judge court in the District of Columbia, the court held that the Motor Carrier Act of 1935, 49 U.S.C.A. § 301 et seq., requiring the Interstate Commerce Commission to prescribe qualifications and maximum hours of service for employees of common and contract carriers, imposes a duty as to all employees, and not merely to drivers. In the case at bar Congress having imposed upon the Interstate Commerce Commission the duty of prescribing maximum hours of service for those in the class with the plaintiff has occupied the field and therefore no one but the Interstate Commerce Commission ·can make such regulations.

I therefore conclude that the defendant herein is engaged in Interstate Commerce within the provisions of the Fair Labor Standards Act of 1938 and amendments thereto.

That the plaintiffs are employed in interstate commerce.

That employees similarly ·situated to the plaintiff are exempted from the provisions of Section 207, Title 29, U.S.Code, 29 U.S. C.A. § ·207, a section of the Fair Labor Standards Act of 1938.

That the Interstate Commerce Commission has power to fix maximum hours of service "if need is found", and if they have not done so no power is reserved or delegated to the Administrator of the Fair Labor Standards division of the Department of Labor to do so, and the employees acquire no rights under the Fair Labor Standards Act of 1938.

Therefore the plaintiff cannot recover, and this action under the maximum hours section of the Fair Labor Standards Act of 1938 must be and is dismissed.