MAX COHEN, Appellant, *v.* CITY COMPANY OF NEW YORK et al., Respondents.

Argued April 8, 1940; decided May 28, 1940.

*Otto C. Sommerich* and *Raymond T. Heilpern* for appellant. Although the form of the suit is quasi contractual for money had and received, the cause of action is grounded on fraud; therefore, the Statute of Limitations did not commence to run until the discovery of the fraud. (*Hopkins* v. *Lincoln Trust Co.*, 233 N. Y. 213; *Schenck* v. *State Line Tel. Co.*, 238 N. Y. 308; *People* v. *Straus & Co.*, 158 Misc. Rep. 222; 248 App. Div. 785; *MacDonald* v. *Reich & Lievre*, 100 Cal. 736; *Pickford Co.* v. *Bayly Bros., Inc.*, 12 Cal. [2d] 501; *Hart* v. *Goadby*, 72 Misc. Rep. 232; *Parmely* v. *Boone*, 99 Cal. App. 425; *Adams* v. *Harrison*, 98 Cal. App. 359; *Stern* v. *National City Co.*, 25 Fed. Supp. 948; *Shepard* v. *City Co.*, 24 Fed. Supp. 682; *Miller* v. *Goff*, 100 Col. 545; *Herrington* v. *City of Dublin*, 50 Ga. App. 769; *Penobscot R. R. Co.* v. *Mayo*, 67 Me. 470; *Orozem* v. *McNeill*, 103 Kan. 429.) The waiver of tort is a mere fiction and this fiction cannot change the real nature of the action and thus affect the statutory period applicable. (*Byxbie* v. *Wood*, 24 N. Y. 607; *Miller* v. *Schloss*, 218 N. Y. 400.) An action for money had and received does not lose its tortious nature by reason of the fact that in form it is an action on contract. (*Miller* v. *Schloss*, 218 N. Y. 400; *Byxbie* v. *Wood*, 24 N. Y. 607; *Degraw* v. *Elmore*, 50 N. Y. 1; *Lehrer* v. *Nusbaum*, 133 Misc. Rep. 710.)

*Arthur Butler Graham* for Bennett C. Clark et al., constituting the Bolivian Bondholders Protective Committee, *amicus curiæ*.

*Max D. Steuer* and *Walter F. Pease* for respondents. The action is one for money had and received and the applicable Statute of Limitations is section 48, subdivision

1, of the Civil Practice Act. (*Rothschild* v. *Mack*, 115 N. Y. 1; *Byxbie* v. *Wood*, 24 N. Y. 607; *Harway* v. *Mayor*, 1 Hun, 628; *Carr* v. *Thompson*, 87 N. Y. 160; *Brick* v. *Cohn-Hall-Marx Co.*, 276 N. Y. 259; *People* v. *Wood*, 121 N. Y. 522; *Heckscher* v. *Edenborn*, 203 N. Y. 210; *American Woolen Co.* v. *Samuelsohn*, 226 N. Y. 61; *Diefenthaler* v. *Mayor*, 111 N. Y. 331; *Mills* v. *Mills*, 115 N. Y. 80; *Strough* v. *Board of Supervisors*, 119 N. Y. 212; *Schochet* v. *Public Nat. Bank*, 220 App. Div. 201; *Potter* v. *Walker*, 276 N. Y. 15; *Cwerdinski* v. *Bent*, 256 App. Div. 612; 281 N. Y. 782; *Davis* v. *Cohn*, 256 App. Div. 905.) The words " an action to procure a judgment on the ground of fraud " mean an action where fraud is essential to the cause of action and without it there can be no recovery. (*Hart* v. *Goadby*, 72 Misc. Rep. 232; *Dougherty* v. *Burger*, 133 Misc. Rep. 807; *Glover* v. *National Bank of Commerce*, 156 App. Div. 247; *Lammer* v. *Stoddard*, 103 N. Y. 672; *Price* v. *Mulford*, 107 N. Y. 303; *Finnegan* v. *McGuffog*, 203 N. Y. 342; *Pitcher* v. *Sutton*, 238 App. Div. 291; 264 N. Y. 638; *Potter* v. *Walker*, 276 N. Y. 15; *Cwerdinski* v. *Bent*, 256 App. Div. 612; 281 N. Y. 782; *Davis* v. *Cohn*, 256 App. Div. 905.)

LEWIS, J. An affirmative plea by the defendants of the six-year Statute of Limitations (Civ. Prac. Act, § 48, subd. 1) has served as a basis for a summary judgment in their favor at Special Term where the plaintiff's cause of action was treated as one for money had and received and the complaint dismissed. Appealing from a non-unanimous judgment of affirmance by the Appellate Division, the plaintiff asserts that his cause of action is not for money had and received but is one to procure a judgment on the ground of fraud arising from alleged misrepresentations by the defendants in December, 1928, but not discovered by him until March, 1938, thus making applicable the provisions of subdivision 5 of section 48 of the Civil Practice Act.

After appropriate jurisdictional allegations the complaint herein, which was served August 19, 1938, alleges:

" III. That heretofore and on or about the 17th day of December, 1928, the defendants became indebted to the

plaintiff in the sum of $15,500, for money had and received by the defendants to the use of the plaintiff.

" IV. That although payment was duly demanded before the commencement of this action, no part of said sum has been paid, except the sum of $2,100, leaving a balance of $13,400.

" Wherefore, plaintiff demands judgment against the defendants in the sum of Thirteen thousand, four hundred ($13,400) Dollars, with interest from the 17th day of December, 1928, together with the costs and disbursements of this action."

Accepting the allegations of the complaint as " a plain and concise statement of the material facts * * * on which the party [plaintiff] relies " (Civ. Prac. Act, § 241), we read its allegations as stating a cause of action which the pleading itself characterizes as one " for money had and received by the defendants to the use of the plaintiff." It is still the law that " Having money that rightfully belongs to another, creates a debt; and wherever a debt exists without an express promise to pay, the law implies a promise; * * *." (*Byxbie* v. *Wood*, 24 N. Y. 607, 610.)

It was apparently under this rule that the plaintiff chose to frame his complaint, which contains no allegation remotely suggesting fraud as its basis. The complaint rests upon a constructive obligation by the defendants to repay a fixed sum alleged by the plaintiff to be due him — an obligation which, in the absence of an express agreement, is implied by law. By his pleading the plaintiff has made it clear that the " money had and received by the defendants to the use of the plaintiff" is definite in amount; the date when the debt was incurred is stated; the demand for interest is for a period commencing on that date and the part payment received by the plaintiff upon the debt is admitted.

Although conceding that in form the cause of action, as alleged in the complaint, is quasi-contractual for money had and received, the plaintiff asserts that his action is grounded on fraud and that, accordingly, he is entitled to invoke the provisions of subdivision 5 of section 48 of the Civil Practice Act which provides in part:

" The following actions must be commenced within six years after the cause of action has accrued: * * *

" 5. An action to procure a judgment on the ground of fraud. The cause of action in such a case is not deemed to have accrued until the discovery by the plaintiff, or the person under whom he claims, of the facts constituting the fraud."

In support of his position the plaintiff points to allegations in a bill of particulars furnished by him to the defendants. In respect to paragraphs " III " and " IV " of the complaint, the bill of particulars alleges that the defendants' indebtedness to the plaintiff for moneys had and received is based upon his purchase of certain securities and his subsequent rescission of that purchase prior to the commencement of this action. These securities consisted of Chicago, Milwaukee, St. Paul and Pacific Railroad Company bonds of the face value of $20,000. They are alleged to have been purchased December 20, 1928, and tendered back to the defendants July 5, 1938, on which date the plaintiff claims to have demanded from the defendants the purchase price paid by him, with interest. The sum of $2,100, mentioned in paragraph " IV " of the complaint as a payment made by the defendants, is alleged to represent interest received by the plaintiff on the securities from the date of purchase to the date when the plaintiff tendered them to the defendants. The grounds upon which the plaintiff claims the right to rescind such purchase are alleged to be " misrepresentations made by, and the fraud of, the defendants in inducing the purchase of said securities." There is no allegation in the bill of particulars which states the time when plaintiff discovered the facts which he now asserts constitute fraud by the defendants. (Civ. Prac. Act, § 48, subd. 5.) It was not until he served upon the defendants his affidavit in opposition to the defendants' motion for summary judgment herein that the allegation appears that " * * * the falsity of said representations and the wrongful concealment by defendants from [the plaintiff] of material facts which conclusively prove the instability and speculative character

of the securities sold to [the plaintiff] were not discovered by [the plaintiff] until in or about and subsequent to March, 1938."

By these supplementary allegations of fraud the plaintiff would have us disregard the quasi-contractual character of the complaint, in which any wrong by the defendants is only incidental to their unjust enrichment, and treat his cause of action as one in tort which, though restitutionary, is based primarily on alleged wrongdoing by the defendants. By thus treating the complaint we would disregard the different consequences which follow those two types of actions. (See American Law Institute, Restatement of the Law of Restitution, ch. 1, § 5, subd. b [p. 23]; ch. 7, introductory note [p. 523].) " Pleadings and a distinct issue are essential to every system of jurisprudence, and there can be no orderly administration of justice without them. If a party can allege one cause of action and then recover upon another, his complaint would serve no useful purpose. * * *. ' The rule that judgment should be rendered in conformity with the allegations and proofs of the parties, *secundum allegata et probata,* is fundamental in the administration of justice. Any substantial departure from this rule is sure to produce surprise, confusion and injustice.' " (*Lamphere* v. *Lang,* 213 N. Y. 585, 588.)

In the case at hand the allegations of fraud, supplementing the complaint herein, serve only to state the ground upon which the plaintiff rescinded, prior to the present suit, the purchase of securities from the defendants. The alleged fraud is not the gravamen of the cause of action pleaded by the plaintiff as a means of recouping any loss he sustained from the transaction; it is only incidental to that cause of action and, accordingly, will not enable the plaintiff to take advantage of the saving provisions of the Civil Practice Act, section 48, subdivision 5. (*Carr* v. *Thompson,* 87 N. Y. 160, 164, 165; *Brick* v. *Cohn-Hall-Marx Co.,* 276 N. Y. 259, 263–265; *Hart* v. *Goadby,* 72 Misc. Rep. 232, 236.)

We thus reach the conclusion that the right to bring the present action for money had and received pleaded by the

plaintiff has been extinguished by the six-year Statute of Limitations. (Civ. Prac. Act, § 48, subd. 1.) The question whether an action by the plaintiff for damages due to the defendants' alleged fraud is barred by this present action for money had and received is not before us. (*Schenck* v. *State Line Telephone Co.*, 238 N. Y. 308, 311, 313; *Clark* v. *Kirby*, 243 N. Y. 295, 303.)

The judgment should be affirmed, with costs.

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, JJ., concur.

Judgment affirmed.