JOSEPH NEUWIRTH, Plaintiff, *v.* MAX KAFER, Defendant.

City Court of New York, New York County, June 25, 1941.

*Irving J. Tell*, for the plaintiff.

*George Langberg*, for the defendant.

RYAN, Ch. J. Defendant's motion for summary judgment is granted. The complaint is dismissed. Judgment may be entered accordingly. Execution of judgment for costs is stayed for ten days after service upon the attorney for plaintiff of notice of entry thereof.

Plaintiff was a driver's helper employed by defendant, a carrier engaged in interstate commerce. As such his employment was not governed by provisions of the Fair Labor Standards Act, 1938 (U. S. Code, tit. 29, chap. 8) but by the Motor Carrier Act, 1935 (U. S. Code, tit. 49, chap. 8). See subdivision (b) of section 213 of title 29 of the United States Code which provides: " The provisions of section 207 [relating to maximum hours] shall not apply with respect to (1) any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of title 49 * * *." It is clear that by the provisions of subdivision (a) of section 304 of title 49 of the United States Code, the Interstate Commerce Commission has power to establish maximum hours of all employees whose activities affect safety of operation. I think it clear also that a driver's helper is such an employee. The Interstate Commerce Commission has in fact so held. (*Ex Parte No. MC-2, No. MC-3*, 28 Interstate Commerce Commission Reports [Motor carrier cases], March 4, 1941. See, also, Order of Interstate Commerce Commission, Division 5, April 16, 1941.) That the Interstate Commerce Commission had not exercised that power until after the period of time involved in this suit does not alter the case. The employment of this plaintiff was not governed by the Fair Labor Standards Act of 1938 until such time as the Interstate Commerce Commission chose to exercise its powers under the Motor Carrier Act of 1935. The Fair Labor Standards Act did not apply to the employment of this plaintiff until such time as the Interstate Commerce Commission acted to fix maximum hours; it never applied. (Cf. *United States* v. *American Trucking Associates, Inc.*, 310 U. S. 534.) This case also indicates the weight to be given to an administrative interpretation of a statute. The precise questions before this court seem to have been determined in *Faulkner* v. *Little Rock Furniture Mfg. Co.* (32 F. Supp. 590); my view of the case accords with those of the district judge in the *Faulkner* case.

Plaintiff suggests that this action be not dismissed but that he be given leave to serve an amended complaint under the Motor Carrier Act. As plaintiff's complaint is based solely upon the Fair Labor Standards Act it must, however, be dismissed. (Cf. *Cohen* v. *City Company of New York*, 283 N. Y. 112; discussed in the editorial column of N. Y. L. J. Feb. 20, 1941, p. 784, by Mr. Harold R. Medina.) Furthermore it does not appear that any regulation of the Interstate Commerce Commission for maximum hours in force during the period involved in this suit was violated.