## WOLFE v. UNION TRANSFER & STORAGE CO.
### No. 211.

District Court, E. D. Kentucky.

Feb. 27, 1942.

J. J. McBrayer and David S. Weil, both of Lexington, Ky., for plaintiff.

Stoll, Muir, Townsend, Park & Mohney and John L. Davis, all of Lexington, Ky., for defendant.

FORD, District Judge.

This is a suit by an employee to recover from his employer overtime wages and liquidated damages claimed under the provisions of the Fair Labor Standards Act, 52 Stat. 1060, 29 U.S.C.A. §§ 201–219, during the period of employment from November 1, 1938, through April 25, 1941.

Uncontroverted allegations of the petition meet the requisites of Federal jurisdiction. 28 U.S.C.A. § 41(8); Robert-

son v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285.

The defendant, by answer, admits that the plaintiff was employed as a mechanic in connection with its business as a common carrier of freight by motor vehicle in interstate commerce but says the employment was from November 1, 1938, to February 26, 1941. The facts set out in the answer upon which the defense is based are that during the entire time of plaintiff's employment his duties "consisted of inspection and repair of lights, brakes, transmissions, differentials, motors and stearing apparatus of the vehicles operated by the defendant and generally to make such repairs as were necessary to put said vehicles in a proper condition for their safe operation on the highways."

■ The case is submitted upon defendant's motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, supported by affidavits showing that the duration of plaintiff's employment and the nature of his duties thereunder were as alleged in the answer. The plaintiff has filed no opposing affidavits and, hence, upon consideration of the motion the facts set out in the answer in respect to the nature and extent of plaintiff's employment and duties are established.

It is the contention of the defendant that in view of the uncontroverted facts thus disclosed, the provisions of the Fair Labor Standards Act are not applicable by reason of the exemption expressly set out in Section 13(b) thereof, 29 U.S.C.A. § 213 (b), which makes the act inapplicable to "any employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 204 of the Motor Carrier Act, 1935 [section 304 of Title 49]" 29 U. S.C.A. § 213(b). The Motor Carrier Act of 1935 provides: "Powers and duties generally. It shall be the duty of the Commission—(1) To regulate common carriers by motor vehicles as provided in this chapter, and to that end the Commission may establish reasonable requirements with respect to * * * maximum hours of service of employees, * * *." 49 U.S. C.A. § 304(a) (1).

In United States v. American Trucking Associations, 310 U.S. 534, 553, 60 S.Ct. 1059, 84 L.Ed. 1345, the Supreme Court held that the Motor Carrier Act conferred upon the Interstate Commerce Commission the power to establish the maximum hours of service of employees of common carriers by motor vehicles engaged in interstate commerce whose activities affect the safety of operation.

It is clearly shown that plaintiff's activities under his employment affected the safety of operation of the defendant's motor vehicles engaged in interstate commerce.

It is contended by the plaintiff, however, that the exemption provided by Section 13(b) of the Fair Labor Standards Act is not operative in respect to an employee of a motor carrier until the Interstate Commerce Commission shall have exercised the power granted by the Motor Carrier Act and that since, during the period of plaintiff's employment, no such action was taken by the Commission, the exemption was not operative, thereby leaving the plaintiff under the coverage of the Fair Labor Standards Act and entitling him to the overtime wages therein provided.

■ The interpretation of the exemption statute herein relied upon by the plaintiff is not tenable. The exemption provisions set out in Section 13(b) of the Act are plain and unambiguous and for their interpretation do not require resort to the legislative history or policy of the Act. It is a familiar rule that where the terms of a statute are plain and unambiguous its scope may not be narrowed or extended by interpretation. In numerous cases the courts have pointed out that the exemption of employees from the application of the Fair Labor Standards Act under the provisions of Section 13(b) does not depend upon the exercise of the power to establish maximum hours of service by the Interstate Commerce Commission but rests upon the existence of that power. The Interstate Commerce Commission had the exclusive power to establish maximum hours of service in respect to the employment of the plaintiff. The provisions of the Fair Labor Standards Act afford him no basis for his claims. West v. Smoky Mountain Stages, D.C., 40 F.Supp. 296, 298; Faulkner v. Little Rock Furniture Manufacturing Co., D.C., 32 F.Supp. 590; Bechtel v. Stillwater Milling Co., D.C., 33 F.Supp. 1010; Gerdert v. Certified Poultry & Egg Co., D.C., 38 F.Supp. 964; Magann v. Long's Baggage Transfer Co., D.C., 39 F.Supp. 742.

The defendant's motion for summary judgment should be and is sustained.