(November 25, 1958)

■ ANNA M. GARDNER, as Executrix of PERCY GARDNER, Deceased, Respondent, v. FRANK GERSTEIN et al., Appellants.

M. M. FRANK, J. (dissenting). We are in agreement that if this action is one for breach of contract, the Statute of Limitations is a bar. The majority, however, holds that the complaint sufficiently sets forth a cause of action in tort, i.e., fraudulent inducement of a contract. I cannot so view the pleading.

The complaint alleges that two contracts were executed by the plaintiff's testator, Percy Gardner, and the individual defendants. The first, in 1931, was a stockholders' agreement which provided, in substance, that before a sale to an outsider, the stock was to be offered to the parties, at the book value as computed by accountants. The pleading states that in violation of this agreement and while it was in full force and effect, Gardner, in 1944, sold his stock, pursuant to the terms of the second written agreement, at a price that the plaintiff claims Gardner was induced to accept as the result of fraudulent representations as to its book value, which in turn was predicated upon false statements of volume of business, profits, net worth and other items.

In Brick v. Cohn-Hall-Marx Co. (276 N. Y. 259), it was claimed that by rendering false statements and keeping falsified books, the defendant deprived the plaintiff of his full commissions. Here it is charged that by false representations, the defendants deprived the plaintiff's testator of the full value of his stock under the 1931 agreement.

As I read the complaint, no fraud extraneous to the contract is pleaded. The fraudulent representations alleged are merely incidental to the breach and are the means by which the breach was occasioned. They do not, therefore, transpose the action from one in contract to one in tort. (Cohen v. City Co. of New York, 283 N. Y. 112, 117.) What the plaintiff is seeking is the enforcement of the 1931 contract and the price formula thereunder, claimed to have been breached by the fraudulent representations. Her grievance is that the misrepresentations resulted in the misapplication of the formula. Thus she asserts that the testator's rights are governed by the 1931 contract. It follows that if liability depends upon that contract, the pleading falls within the orbit of Brick v. Cohn-Hall-Marx Co. (supra).

Conceivably the plaintiff may be able to plead a cause of action grounded in fraud, but she has not done so in this pleading. Under the circumstances, the order at Special Term should be modified and the motion to dismiss the first cause of action granted, with leave to the plaintiff to replead an action in tort if she be so advised.

Breitel, J. P., Rabin, McNally and Stevens, JJ., concur in decision; M. M. Frank, J., dissents in opinion.

Orders so far as appealed from affirmed, with $20 costs and disbursements to the respondent.

■ REYNOLDS & Co. v. HOME INDEMNITY COMPANY.— Motion denied with leave, however, to defendant to serve its answer within 10 days after service of a copy of the order entered herein with notice of entry. Concur — Botein, P. J., Valente, McNally, Stevens and Bergan, JJ.