Jacob Markowitz, J.
This is a renewal, “ on the basis of new and additional facts ”, of a motion for summary judgment, previously denied by Mr. Justice Saypol.
The complaint credits defendant with $10, alleged to have been received by plaintiff on the sale of certain stock pledged with plaintiff as collateral for the notes sued upon. The pleading alleges that “ plaintiff sold the said shares ” and that $10 was ‘ ‘ the highest price which plaintiff could then and there obtain for the aforesaid shares ”. In denying the prior motion, the court said that it was not clear whether plaintiff had sold the stock to himself for $10 or to a third party.
The plaintiff thereupon disregarded the sale relied upon in the complaint (the moving affidavit states that plaintiff decided “ to cancel and annul the previous sale ”) and resold the stock at public sale on notice to defendant, who ignored the sale. The renewed motion is predicated upon this resale.
The rights of the parties were fixed as of the time of the prior sale, regardless of whether it was to a third party or to plaintiff himself. The fact that the notes permitted plaintiff to sell the collateral at private sale and without notice and to purchase himself at such sale was insufficient to relieve plaintiff of the obligation to act in good faith and to attempt to obtain the reasonable value of the collateral (Matter of Kiamie, 309 N. Y. 325; Deitch v. Kessler, 13 Misc 2d 421). The case of General Phoenix Corp. v. Cabot (300 N. Y. 87) is not applicable here, for in that case the sale was a public sale, conducted by a licensed auctioneer, on notice to the pledgor. The holding there was merely that under such circumstances the alleged inadequacy of the price realized was not enough to invalidate the sale. The prior sale in the case at bar must have taken place prior to October 2,1959, the date the complaint was verified. If plaintiff *934 purchased the stock himself, at private sale and without notice to anyone, in bad faith, for a grossly inadequate price, the defendant had the right to claim credit for the fair and reasonable value of the stock as of the date of sale. The same conclusion is necessary if the sale was made privately to another without notice. Once the prior sale had been made, the question of whether or not defendant was entitled to credit for more than the $10 realized on the sale depended upon whether the sale was made in good faith with due regard for defendant’s interest in the collateral. Plaintiff was not free to change defendant’s accrued rights by making a second sale at a much later date. Moreover, the value of the collateral may have depreciated between the time of the first sale and the second sale, not to mention the fact that the complaint is based only on the first sale and that summary judgment may not be granted upon the basis of a sale different from the one alleged in the complaint (Cohen v. City Company of N. Y., 283 N. Y. 112). Furthermore, plaintiff does not show whether the prior sale was to himself or to someone else. If the latter, there is no showing how plaintiff could cancel or disregard the sale. The motion accordingly is denied.