■ HENRY L. CONNORS, Respondent, v. ELMER HOARE, Appellant, et al., Defendants.— Order, entered on May 7, 1962, denying defendant-appellant's motion for summary judgment under rule 113 of the Rules of Civil Practice, unanimously reversed on the law, with $20 costs and disbursements to defendant-appellant against plaintiff-respondent, the motion granted, with $10 costs, and the amended complaint dismissed as to such defendant-appellant. Neither under the pleadings nor in the affidavits does plaintiff succeed in establishing a right of action based on contract for recovery of commissions or their equivalent from defendant Hoare. The conclusory averments that defendant " personally * * * entered into an agreement with me [plaintiff] to the effect that each [individual defendant] undertook that if I produced an offeror, who, on the terms and conditions specified to me as set forth above, made an offer in writing * * * that offer would be accepted and I would be paid the appropriate commissions " are insufficient to establish individual liability as opposed to the liability of the corporate offeree (see Salzman Sign Co. v. Beck, 10 N Y 2d 63 and cases cited). They are not aided by the repetition of words of engagement based on subjective reliance or understanding. The gaps may not be filled by implication in view of the fact that defendant Hoare was not a principal dealing with his own property. Whether, as tenuously suggested in the affidavits but not in the pleadings, plaintiff may conceivably have some cause of action for tortious interference with plaintiff's opportunity to earn commissions from his offeror's bid for the property is another matter, upon which the court does not pass, and this disposition is without prejudice to such an action if plaintiff be so advised (Cohen v. City of N. Y., 283 N. Y. 112). Concur — Botein, P. J., Breitel, Rabin, Valente and Eager, JJ.