■ AFCO TIME PAYMENT, INC., Appellant, v SECURITY INSURANCE COMPANY OF HARTFORD, Respondent. — Order of the Supreme Court, New York County (Bruce McM. Wright, J.), entered December 13, 1983, granting defendant's motion for summary judgment, reversed, on the law, with costs, and the motion denied.

Plaintiff is a corporation engaged in the financing of insurance premiums. Defendant is an insurance company. In the course of its business, plaintiff advances, on behalf of a prospective insured, to an insurance company the full premium due for the term of a policy. The insured, in turn, repays the advance so made to the plaintiff in agreed-upon installments, together with an additional charge to cover financing costs.

In April 1956, plaintiff and defendant entered into an agreement regarding the financing of policies issued by defendant. Between 1971 and 1976 or 1977, one Smith was employed as underwriting supervisor by defendant at its Louisville, Kentucky office. Smith had authority to issue policies in defendant's name up to a premium limit of $30,000. He also had authority to deal with financing companies on behalf of defendant.

Sometime during 1975, Smith concocted and executed a scheme to defraud plaintiff. As part of the scheme, he created a fictitious agency, known as "Frank & Associates", which would act as producer for fictitious assureds. Smith would then submit to plaintiff the necessary application for credit. Plaintiff would draw a check and transmit it to defendant's Louisville office. Because of office procedures at the Louisville office, these checks were intercepted by Smith, who then deposited them in the bank account of "Frank & Associates".

In fact, none of these premiums was ever transmitted to defendant and defendant never issued any policies covering the fictitious assureds. To enable this Ponzi-like scheme to work,

Smith or "Frank & Associates" regularly transmitted installment payments to plaintiff. Inevitably, Smith would run short of funds to continue the installment payments due. Sometime toward the end of 1976 or early 1977, the installment payments ceased and the fraud was discovered.

In May 1980, plaintiff commenced this action to recover premium advances made by it which had not been repaid. After discovery, defendant moved for summary judgment, asserting that the premiums financed by plaintiff had never been forwarded to it, that it never issued insurance policies in connection with these fraudulent applications for credit and, accordingly, bore no responsibility therefor.

On the narrow ground that plaintiff's action was bottomed in contract and that no action for breach of contract would lie in the circumstances indicated by plaintiff, Special Term granted the motion. We think Special Term's determination was founded on an erroneous premise. Accordingly, we reverse and deny the motion for summary judgment. While it once may have been the rule that summary judgment was warranted if the facts alleged in opposition to the motion did not support the theory of action alleged in the complaint (*cf. Cohen v City Co.*, 283 NY 112), it has long since been abandoned (*Alvord & Swift v Muller Constr. Co.*, 46 NY2d 276; *Costello Assoc. v Standard Metals Corp.*, 99 AD2d 227). Under current practice, the court is required to look to the facts alleged in the affidavits to determine whether a viable cause is set forth. If so, the motion should be denied. We think the opposing papers indicate that such a viable cause may be set forth. Whether defendant placed Smith in a position as a result of which he was able to perpetrate a fraud upon plaintiff poses a question of fact, the determination of which should await trial. That the issue is not so framed in the present pleadings does not preclude a motion by plaintiff to amend its complaint to set forth an appropriate theory of action. Concur — Kupferman, J. P., Ross, Asch, Bloom and Fein, JJ.