Metcalf, J.
As the exceptions state that the plaintiff, at the trial, admitted (what is not law) that unless he had made a tender, he could not maintain this action, he seems to have lost his case chiefly by his own fault or mistake; and we have had some doubts whether he is entitled to relief. But, inasmuch as the exceptions, though defectively drawn up, show that the trial proceeded upon an erroneous view of the law, we have deemed it pur duty to set aside the verdict.
If the defendants illegally withheld the goods from the plaintiff, he might have brought an action of assumpsit against them, as well as this action of trover. And, in that action, all that it would have been necessary for him to aver and prove would have been his readiness-to pay the freight, upon delivery of the goods. 2 Saund. 352, note (3); Porter v. Rose, 12 Johns. 209; Tinney v. Ashley, 15 Pick. 546. And we are of opinion that all which it was necessary for the plaintiff to prove, in order to maintain this action, was his *217 readiness to pay freight on the goods, upon their being delivered to him, and the defendants’ refusal to deliver them unless something more should be first paid. There was no special contract, so far as these exceptions show, respecting the payment of freight, nor any agreement, between the consignor and the carriers, that the goods should be held to secure payment for the passage of a third party. The payment of the freight and the delivery of the goods were, therefore, concomitant acts, which neither party was obliged to perform, unless the other was ready to perform the correlative act. Tate v. Meek, 2 Moore, 278, and 8 Taunt. 280; Yates v. Railston, 2 Moore, 294, and 8 Taunt. 293; 3 Chit. Law of Com. and Man. 417; Angell on Carriers, § 384.
It is said by Chancellor Kent, that if the master of a° vessel refuses to deliver goods for other cause than the non-payment of freight, he cannot avail himself of the want of a tender. 3 Kent Com. (7th ed.) 281. The same law must apply to the owners of a vessel and to their agents.
In the present case, the defendants refused to deliver the goods, unless the plaintiff would pay, in addition to the freight, for the passage of the consignor’s father, who came in the vessel that brought the goods. And a refusal to give up property, except on a condition which the party holding it has no right to impose, is evidence of a conversion. Davies v. Vernon, 6 Adolph. & Ellis, N. S. 443.
On a new trial, the jury should be instructed, that if the plaintiff was ready to pay freight, upon having the goods delivered to him, and the defendants, having no legal claim on the goods for any thing besides the freight, refused te deliver them unless a further sum should be first paid, then the plaintiff was not bound to make any tender to the defendants, and their refusal to deliver the goods was evidence of a conversion of them.

Verdict set aside, and a new trial granted.