DORA SHARP, Respondent, v. ARTHUR P. VON GLAHN and Others, Appellants. (Appeal No. 2.) — Order denying motion to vacate order of November 22, 1927, reversed upon the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The new ordinance declared valid by this court on May 11, 1928, resulted in a changed situation from that existing on November 22, 1927. That ordinance made lawful the proposed structure, so far as its invalidity was challenged in the complaint herein. Lazansky, P. J., Young, Hagarty, Carswell and Scudder, JJ., concur.

GEORGE W. SHEARER and THOMAS F. O'LOUGHLIN, Appellants, v. WALLKILL COUNCIL, No. 92, JR. O. U. A. M., INC., and Others, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ.

BEN SILVERMAN, Respondent, v. THE BONNIE-B COMPANY, INC., and CONDE, LTD., INC., Appellants.— Judgment and order reversed upon the law and a new trial granted, costs to appellants to abide the event, upon the ground that defendants were unduly restricted in their efforts to present the cause to the jury. The contract has been construed by this court and parol testimony to vary its terms is not admissible. Lazansky, P. J., Kapper, Hagarty, Seeger and Scudder, JJ., concur.

HARRY SILVERMAN, Plaintiff, v. MAYFLOWER BUILDING CORPORATION, Defendant. IRVING GREENBAUM and Others, Respondents; ENGELBERT BICK, Appellant.— Order denying motion for an order fixing the fair and reasonable rental value of apartment and directing defendants to attorn affirmed, with ten dollars costs and disbursements. No opinion. Kapper, Hagarty, Seeger and Scudder, JJ., concur; Lazansky, P. J., dissents.

JACK P. SMITH, Plaintiff, v. PIERCE-ARROW SALES CORPORATION and CHARLES CARPENTER, Defendants.— Upon the agreed statement of facts, it is adjudged that plaintiff is entitled to a lien upon the truck in question for the sum of twenty-two dollars and forty-one cents, with interest from November 30, 1927, and that the proceeds of the sale of said truck to satisfy said lien over and above such amount shall be paid to the corporate defendant. We are of opinion that, under the amendment to section 184 of the Lien Law, effective April 15, 1926, the plaintiff, by permitting the truck to go out of his possession on November 30, 1927, lost his lien for goods sold and delivered and for services rendered Carpenter except for the period of thirty days immediately preceding November 30, 1927. Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ., concur.

ALINDA WEBB, Respondent, v. ALFONZO DI PALMA and RAFFAELO DI PALMA, Appellants.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Kapper, Seeger and Carswell, JJ.