C. I. T. Corporation, Plaintiff, *v.* Daniel Schubert and Another, Defendants.

C. I. T. Corporation, Plaintiff, *v.* Daniel Schubert and Another Defendants.

Municipal Court of New York, Borough of Manhattan, Ninth District, June 25, 1930.

*Jos. G. Myerson* [*Matthias Cook* of counsel], for the plaintiff.

*Benjamin H. Cohn,* for the defendants.

LEWIS, J. The plaintiff seeks the foreclosure of two liens arising out of the conditional sale of two buses by the Pierce Arrow Sales Corporation, the plaintiff's assignor, to the defendant Daniel Schubert.

Daniel Schubert, the conditional vendee, has defaulted, and this controversy resolves itself into a dispute between this plaintiff and the defendant Morelite Service Stations, Inc., a garage keeper, asserting its liens for the storage of the automobiles and for gasoline, oil, grease and materials supplied for the same.

The defendant Morelite Service Stations, Inc., must look to the statute for its liens. At common law it could claim none. It is the statute that creates and controls such liens.

By section 184 of the Lien Law (as amd. by Laws of 1929, chap. 28) a garage keeper is given a lien on a motor vehicle against the " owner " for the sum due for " storing * * * or for furnishing gasoline or other supplies." With the lien travels the right to " detain such motor vehicle " at any time it may be lawfully in the possession of the garage keeper.

In 1926, by statutory amendment (Laws of 1926, chap. 373), this lien was restricted — " *except* that if the lienor, *subsequent to thirty days from the accrual of such lien,* allows the motor vehicle or motor cycle out of his *actual* possession the lien provided for in this section shall thereupon become void as against all conditional sale agreements or mortgages covering such motor vehicle or motor cycle and executed prior to the accrual of such lien, notwithstanding possession of such motor vehicle or motor cycle is thereafter acquired by such lienor." (Italics mine.)

It is observed that before the amendment of 1926 our courts held that the statute did not require continuous actual possession by the garage keeper, but that constructive possession carried out the

intent of the law and satisfied the purpose of the statute. (*Johanns* v. *Ficke*, 224 N. Y. 513; *Willys-Overland* v. *Prudman Automobile Co.*, 196 N. Y. Supp. 487.)

Under the statute as it was then worded, a garage keeper could allow the owner to take out his motor vehicle from time to time with the understanding that he return it and such actual possession by the owner will constitute constructive possession by the garage keeper and would in no way abate the lien of the garage keeper.

Apparently to restrict, if not to overcome this judicial interpretation of the statute, the 1926 amendment was enacted. And as the statute now reads a garage keeper of a motor vehicle on live storage who allows the owner to take the car out with the understanding that the same is to be returned to the garage keeper's possession is limited in his lien as against all conditional sales agreements or mortgages executed prior to the accrual of his lien, to the sum due the garage keeper for goods sold and delivered and for services rendered during a period of thirty days preceding the last day on which the motor vehicle is taken out of the garage keeper's actual possession pursuant to such consent. (*Smith* v. *Pierce Arrow Sales Corp.*, 224 App. Div. 769; 230 N. Y. Supp. 194.)

To that extent the lien is now dependent on the actual possession of the motor vehicle by the garage keeper. If the garage keeper has a lien he has a corresponding right to possession. " The lien is the right to retain." By the discharge or destruction of the lien this right to possession is lost. Had there been a tender of the amount actually due it would work a discharge of the lien, and upon the refusal of the garage keeper to surrender the motor vehicle upon the tender of the amount actually due, the owner has diverse remedies — he can sue in replevin; pay the amount claimed by the lienor and recover back the excess; adjourn the sale and determine the proper amount of the lien; or sue in conversion. (*Dininny* v. *Reavis*, 178 App. Div. 922; 165 N. Y. Supp. 97.)

Under the facts here presented whatever rights this plaintiff has in the buses are subject and subordinate to the liens of the defendant Morelite Service Stations for storage, gasoline and materials supplied during the period of thirty days preceding the respective dates when the automobiles last left the possession of the said defendant.

Pursuant to a stipulation of the attorneys the amounts of such liens may be computed between them. Submit judgments accordingly.