STERLING MOTOR TRUCK COMPANY OF N. Y., INC., Appellant, *v.* THOMAS J. LAVAN, Defendant, and LOUIS PINCUS, Doing Business under the Name of ST. MARY'S GARAGE, Respondent.

(Argued June 7, 1932; decided July 19, 1932.)

*Herbert G. McLear* for appellant. Under section 184 of the Lien Law the liens of the defendant-respondent, as against the rights of the plaintiff as a conditional vendor and chattel mortgagee, are limited to items furnished within thirty days prior to the time he allowed the trucks out of his actual possession. (*Karoloff* v. *Schildkraut*, 179 N. Y. Supp. 117; *Smith* v. *Pierce Arrow Sales Corp.*, 224 App. Div. 769; *C. I. T. Corp.* v. *Schubert*, 137 Misc. Rep. 514.)

*Milton Altschuler* and *J. M. Cohen* for respondent. The statute was never intended to destroy or seriously impair a lien where there was a temporary withdrawal which is characteristic of the garage business. (*Johanns* v. *Ficke*, 224 N. Y. 513; *Pacific State Finance Corp.* v. *Frietas*, 295 Pac. Rep. 804; *Matter of Carter*, 21 Fed. Rep. [2d] 587; *State* v. *Shevlin*, 23 Mo. App. 598; *Walls* v. *Long*, 2 Ind. App. 202; *Young* v. *Kimball*, 23 Penn. St. 193; *Caldwell & Shelton* v. *Tutt*, 78 Tenn. 258.)

*Per Curiam.* This action began as one in replevin and ended as one in foreclosure. The essential question is the extent of the lien which the defendant Pincus as keeper of a garage had on the two trucks in question. Plaintiff was the conditional vendor of one truck and the chattel mortgagee of the other. For a period of some months in 1928 the owner of the trucks kept them at defendant's garage, where they were furnished with service and supplies. Almost daily during that period the owner took the trucks out for use in his business. Defendant has been given a lien, superior to plaintiff's, for the amount owing by the owner over the entire period. The trial court found that the removal, use and return each day of the trucks did not interrupt the continuity of possession, because temporary removals of such property were inherent in it. No doubt that was so prior to the amendment of section 184 of the Lien Law (Cons. Laws, ch. 33) by chapter 373 of the Laws of 1926.

The statute as then amended is applicable to the facts here. It is clear that the thirty-day limitation made by the amendment was intended to and does apply to this precise situation. The section as originally enacted changed the common-law rule that a break in the actual and exclusive possession was inconsistent with the existence of a lien. The amendment restored that rule as against conditional sale agreements and mortgages except for a period of thirty days.

The judgments should be modified in accordance with this opinion by confining defendant's lien to the statutory period; and as so modified, affirmed, with costs to appellant.

CRANE, LEHMAN, KELLOGG, O'BRIEN, HUBBS and CROUCH, JJ., concur; POUND, Ch. J., not sitting.

Judgment accordingly.