YELLOW MANUFACTURING CREDIT CORPORATION, Respondent, *v.* MORRIS HOROWITZ, BROCKTON COAL CO., INC., and JOHN DOE GARAGE, the Said Name John Doe Garage Being Fictitious and Intended to Represent the Person or Party in Possession of the Herein Described Automobile, Defendants.

BONFIGLIO ERALI and ALDO ERALI, Doing Business as TRI BORO SERVICE, Sued as JOHN DOE GARAGE, Appellants.

Supreme Court, Appellate Term, First Department, February 14, 1938.

*James E. Lo Piccolo,* for the appellants Bonfiglio Erali and Aldo Erali, doing business as Tri Boro Service.

*John Thomas Smith* [*Edward R. Wallace* of counsel], for the respondent.

PER CURIAM. Even if it be assumed that the trial court was justified in believing that the possession of the truck was voluntarily relinquished by the defendants-appellants after November 28, 1936, it was error to deny a recovery to the defendants-appellants for services rendered by them on and after November twenty-eighth in view of the fact that it does not appear that such relinquishment of possession occurred more than thirty days subsequent to the accrual of defendants-appellants' lien for said services. The testimony is consistent with the possibility that the possession of the truck was relinquished by defendants-appellants within thirty days after November twenty-eighth. It follows that the judgment appealed from must be reversed and a new trial ordered.

For the benefit of the parties in connection with the new trial, it should be pointed out that it is the opinion of this court that the defendants-appellants did not lose their lien for the services rendered on October 15, 1936, by surrendering possession of the truck on the strength of a check which was subsequently dishonored. (See *Gates & Co.* v. *Nat. Fair & Exposition Assn.*, 225 N. Y. 142, 157.)

As to the claim that the court was without jurisdiction to award plaintiff a judgment foreclosing its lien because the owner of the equity of redemption in the truck had never been served with the summons, it need only be observed that a defect of necessary parties defendant is no longer ground for dismissal. (*McKnight* v. *Bank of New York & Trust Co.*, 254 N. Y. 417; Mun. Ct. Code, § 27.) Furthermore, the defendants-appellants conceded, at the outset of the trial, that the only issue in the case was whether or not they were entitled to a lien as against the plaintiff. No claim of lack of jurisdiction was made prior to the entry of the judgment in favor of plaintiff.

Judgment reversed and new trial ordered, with thirty dollars costs to appellants to abide the event.

SHIENTAG and NOONAN, JJ., concur; HAMMER, J., dissents with opinion.

HAMMER, J. (dissenting). I dissent and vote for affirmance. The evidence warranted the court in accepting the version of plaintiff, a conditional vendor. The illegal seizure in New Jersey did not give defendants' possession which can be made the basis of a lien. (*Owl Wet Wash Laundry Co., Inc.*, v. *Karish*, 188 N. Y. Supp. 782; *Smith* v. *Pierce Arrow Sales Corp.*, 224 App. Div. 769; *Sterling Motor Truck Co.* v. *Lavan*, 260 N. Y. 43.)