POTOLSKI INTERNATIONAL, INC., Appellant, *v.* HALL'S BOAT CORPORATION, Respondent.

Third Department, May 13, 1953.

*Samuel Caplan* for appellant.

*Bertram J. Dube* for respondent.

BERGAN, J. The complaint which the Special Term has dismissed is laid in replevin. It alleges that plaintiff had title to a twenty-three-foot Chris-Craft express cruiser; that the boat had been placed in the possession of the defendant " for storage only "; that demand was made of the defendant for the boat, but that it has been " wrongfully kept and detained ". Defendant is in the business of boat sales, repairs and storage at Lake George.

On these bare allegations the court was required, we think, to dismiss the complaint. A lawful possession of the chattel by the defendant for the purpose of storage is set forth and the demand for possession, as plaintiff pleads it, is not accompanied by a tender of the agreed or the reasonable storage charges.

Defendant had a statutory lien for its storage charges which plaintiff was required to pay or to tender as a condition precedent to a right to repossession. In an affidavit before the court and on the argument here plaintiff says that the tender of the storage charges was waived by defendant; but such a theory is not to be drawn from the pleading and if it is relied on it must be pleaded.

A distinction exists between the case of a defendant coming lawfully into possession of a chattel and one not lawfully in possession. Where there is lawful possession and a lien resulting from such services as repairs, transportation, or storage, the owner must show that he had paid or tendered payment before he is entitled to a judgment in replevin. That this is the law has always been accepted in New York as a matter of course and without much discussion.

In an action in assumpsit which was somewhat easier to prosecute than the more fictional trover, the Supreme Judicial Court of Massachusetts remarked in a case against a carrier that it would be necessary to " aver and prove " a readiness to pay

the freight on the delivery of the goods. (*Adams* v. *Clark,* 63 Mass. 215, 216, METCALF, J.) See, also, discussion of alternative rights following on a tender in *C. I. T. Corporation* v. *Schubert* (137 Misc. 514, 516).

In an action to replevy shoemaking machines where the issue was whether the transaction which gave possession was a lease or sale of the machines, the General Term for the Third Department held in reversing judgment for the plaintiff, not only that a tender back of the money received by plaintiff for the payment of the machines was necessary as a condition of the " right of action ", but that the tender must be kept good until the time of trial. (*Dodge* v. *Fearey,* 19 Hun 277 [1879].)

It is the commonly accepted rule that a plaintiff in a replevin action must plead that he has met conditions precedent (77 C.J.S., Replevin, § 151). A good general discussion of the kinds of conditions precedent which affect the right to maintain the action appears in sections 65–72. Since neither tender nor waiver is pleaded the complaint is bad on its face.

From this we turn to a procedural question arising from the course of the motion before us. Defendant moved on the complaint and an affidavit " for an order dismissing the complaint ". The notice does not state that the motion is made in pursuance of rule 113 of the Rules of Civil Practice, although the use of an affidavit directed to the merits would suggest that.

The affidavit in support of the motion to dismiss the complaint states that the allegation that the boat was placed with defendant for storage only " is wholly untrue ", but that even assuming it to be true, defendant has been advised that it is entitled to possession of the boat because plaintiff has failed and refused to pay storage charges of the " reasonable amount " of $124.80. The answer, in turn, denies unequivocally the allegation of the complaint that the boat was placed in defendant's possession for storage only; but makes no affirmative averment that the boat was placed with defendant for storage at all.

The affidavit of defendant asks that judgment be rendered, not only dismissing the complaint, as stated in the notice of motion to which the affidavit is attached, but in addition it " requests judgment " for possession of the chattel as prayed for in the answer, the allegations of which in view of its naked denials, show no reason why defendant should have possession of the boat. The answer pleads no lien or other legal claim to it.

The true nature of the underlying controversy between the parties is ultimately disclosed and becomes understandable

by reference to the fourth paper served, the plaintiff's answering affidavit on the motion. This states that the boat was placed with defendant for storage and no repairs were authorized and that defendant refused to turn over the boat to plaintiff unless $1,400 was paid for repairs as well as storage. It states several demands were made, but defendant had refused and takes the position that " plaintiff could not have the boat unless it paid " a sum in excess of $1,400 for storage and repairs. These facts, thus stated, are not disputed in any way by defendant and must be accepted for the purpose of this motion.

On this state of the record the court in addition to dismissing the complaint granted affirmative judgment to defendant awarding to it possession of the boat.

Plaintiff argues as though it had pleaded that the excessive demand and the refusal to deliver the boat without payment of the repair bill relieved it of any need to make a tender. Such a claim would, if pleaded, present a triable issue. Thus, where a liveryman refused to deliver a horse, wagon, and harness unless a sum greatly in excess of his lien for keep were paid, it was held that the question of whether there was necessity for a tender under those circumstances was one of fact for the jury. (*Allen* v. *Corby,* 59 App. Div. 1.)

In *Hoyt* v. *Sprague* (61 Barb. 497) it was decided by the General Term that where charges demanded by a carrier were excessive and the demand was such that it was clear there would be no delivery unless it were met, the " idle ceremony " of a tender became unnecessary (p. 506).

A sharp statement of the rule in such a case is announced in *Adams* v. *Clark* (63 Mass. 215, *supra*). The issue for the jury would be, Judge METCALF felt, to determine whether the refusal of the defendant to deliver was based on a claim beyond the lawful freight charge. If they found it was, they could then determine the plaintiff was not bound to show that a tender was made. (P. 217.)

The affidavits before us on both sides exceed the pleadings to which they are addressed, and both present issues not suggested by the complaint or answer. If proof went this way on a trial, we have no doubt that the court would decide the case according to the ultimate issues as presented without objection, and as the parties elected to leave them in final form. But we would hesitate to take the procedural step involved in remolding pleadings, without any request of either party, in order to decide a motion for judgment on theories brought up for the first time by affidavit and reaching far beyond the pleadings.

We treat the motion as the Special Term treated it, as having been made in pursuance of rule 113 of the Rules of Civil Practice. The plaintiff may not defeat such a motion because he may have a good cause of action on a differently stated complaint. (*Cohen* v. *City Co. of N. Y.*, 283 N. Y. 112; *Elsfelder* v. *Cournand*, 270 App. Div. 162, 165.)

We think, however, that while the Special Term was quite right in saying that this complaint was insufficient and that the affidavit in its support would not save it, that plaintiff, on presenting undisputed facts from which it could be found that no tender was necessary because of a purported excessive demand, should have been permitted to plead over to allege such a waiver.

The negative form in which the answer was framed would not in any event warrant an affirmative judgment awarding it possession of the chattel. If the complaint is viewed rigidly to examine its sufficiency the answer which shows no affirmative reason why defendant should have judgment of possession of the chattel must also be closely examined.

The order should be modified by reversing so much thereof as awards affirmative judgment to defendant and by permitting plaintiff to replead if it is so advised and otherwise it should be affirmed, with $10 costs and disbursements to appellant.

FOSTER, P. J., COON and HALPERN, JJ., concur; IMRIE, J., taking no part.

Order modified, on the law and facts, by reversing so much thereof as awards affirmative judgment to the defendant and by permitting the plaintiff to replead, if it is so advised. Otherwise affirmed, with $10 costs and disbursements to appellant.