Howard T. Hogan, J.
Motion by the defendants for summary judgment in an action for specific performance of a contract for the sale of real estate. The complaint reveals that one Irving Kahn, purportedly acting for the defendants as ‘ ‘ agent, attorney at law and attorney in fact, entered into an agreement in writing with the plaintiffs ” to sell an interest in certain real property located in the town of Brookhaven, County of Suffolk. The answer denies the making of any agreement by the defendants and as a defense it pleads the Statute of Frauds — that no memorandum in writing was made by the defendants or “ by their lawful agent thereunto authorized by writing ”. The bill of particulars shows that in 1948 the defendants authorized Kahn to represent them in contracting for the sale and leasing of a portion of their property. It also shows that in October, 1954, an offer received by Kahn from one Prager was submitted by letter to the defendants and that one of the defendants, namely, Solomon James, on October 19, 1954, also by letter, advised Kahn that the defendants would sell their 71% interest in the property for $100,000, one-half cash. No further communication in writing between Kahn and the defendants is shown, but on January 21, 1955, an offer in writing by the plaintiffs, addressed to the defendants, was accepted by Kahn. The question is — was Kahn authorized in writing to enter into a contract for the sale of real property as required by section 259 of the Real Property Law? The answer is clear that Kahn was not so authorized. The situation is similar to that described in the old case of Coleman v. Garrigues (18 Barb. 60), wherein it was held that a broker who was employed to make a bargain for the sale of real estate had no authority to sign a contract *646 of sale. As the papers submitted do not contain any writing or suggest the existence of any writing conferring upon Kahn the authority to act for the defendants as their agent, the defendants’ motion will be granted. “ The plaintiff may not defeat such a motion because he may have a good cause of action on a differently stated complaint ” (Potolski Int. v. Hall’s Boat Corp., 282 App. Div. 44, 48). Settle order on notice.