Herbert D. Hamm, J.
This is a motion by the defendant for summary judgment. There have been submitted an affidavit of one of the defendant’s attorneys, an affidavit of one of the plaintiff’s attorneys and the minutes of the plaintiff’s examination before trial.
On March 4, 1961, the plaintiff was struck by an automobile owned by the defendant and operated with the defendant’s consent by a fellow employee of the plaintiff. At the time, the plaintiff and his coemployee were both engaged in the furtherance of the business of their employer, section 388 of the Vehicle and Traffic Law is inapplicable (Rauch v. Jones, 4 N Y 2d 592; Naso v. Lafata, 4 N Y 2d 585).
However, the affidavit of counsel for the plaintiff points out that the defendant was guilty of an independent act of negligence and that the defendant’s negligence and the coemployee’s negligence both proximately contributed to cause the accident. From the plaintiff’s examination before trial a jury could find that the defendant drove his car onto the area of the employer’s gasoline station, that he “ pulled in right up to the door ”, that he shut off his motor, that his automobile was equipped with standard shift, that he left or placed his car in forward gear, that he did not set the emergency brake, that he did not remove the key, that he raised the hood, that the plaintiff was standing directly in front of the automobile about five feet from an overhead door, that the automobile, was facing the overhead door, that the plaintiff was inspecting the motor at the defendant’s request, that the defendant yelled to the plaintiff’s coemployee ‘ ‘ jump in and start it ’ ’, that the coemployee entered the automobile, placed his foot on the gas and turned the key, that the key “ was automatically the starter ” and that the automobile started and drove the plaintiff through the overhead door.
In March of 1961 section 1100 of the Vehicle and Traffic Law provided that title VII applied 1 ‘ upon private roads open to public motor vehicle traffic except where a different place is specifically referred to in a given section.” Section 133 of the Vehicle and Traffic Law defined a private road as “ Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner, but not by other persons.” Subdivision (a) of section 1210 of title VII of the Vehicle and Traffic Law provided: “ No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key, and effectively setting the brake thereon ”.
*674 The fact that the testimony by deposition taken by the defendant of the plaintiff is a higher order of proof than an affidavit (Di Sabato v. Soffes, 9 A D 2d 297, 307) does not aid the defendant as the court on this motion for summary judgment must assume the truth of the most favorable version of the transaction given by the plaintiff. 1 ‘ When we read rule 113 of the Buies of Civil Practice the way it is now written it permits summary judgment only where the showing is so clear that there is nothing left in the case to be tried out. To decide that question, the record must be looked at most favorably to the factual showing of the party asserting a right to trial.” (Cooper v. Greyhound Bus Corp., 13 A D 2d 173-174, per Bebgan, P. J.)
The test to be applied on this motion is stated in McDonald v. Hatz, (3 A D 2d 32-33): “A trial court may direct a verdict when it would be required to set aside a contrary verdict for legal insufficiency of evidence. (Civ. Prac. Act, § 457-a.) The application of this statutory provision was considered in Wearever Upholstery & Furniture Corp. v. Home Ins. Co. (286 App. Div. 93, 95), where it was said: ‘In considering a motion to direct a verdict, the court cannot properly undertake to weigh the evidence. Its duty is to take that view of the evidence most favorable to the nonmoving party, and from the evidence and the inferences reasonably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the moving party. The test is whether the trial court could find ‘ ‘ that by no rational process could the trier of the facts base a finding in favor of the [party moved against] upon the evidence # * * presented.” (Blum v. Fresh Grown Preserve Corp., 292 N. Y. 241, 245.)’” Applying this test the issues of negligence and proximate causation are for a jury. “ The operator need not foresee the exact occurrence or the precise injury resulting, to become liable (Palsgraf v. Long Is. R. R. Co., 248 N. Y. 339; Restatement, Torts, § 435).” (Waldorf v. Sorbo, 10 A D 2d 226, 229 [per Reynolds, J.], affd. 9 N Y 2d 703.) As it cannot be said that a jury by no rational process could base a finding in favor of the plaintiff on the evidence presented, the defendant’s motion for summary judgment must be denied.
The plaintiff, however, in his bill of particulars has detailed the defendant’s negligence, as follows: “ The negligence of the defendant consisted of the following, amongst others; in permitting and allowing his agent, servant and/or employee to operate his motor vehicle in a reckless, negligent, careless and wanton manner in that he failed to have the motor vehicle under proper control at all times; in failing to keep a proper *675 lookout for the safety of others in the immediate area of the motor vehicle; in failing to apply the brakes of the motor vehicle seasonably in order to avoid striking the plaintiff, and in striking the plaintiff.” The plaintiff on this motion has failed to establish the cause of action alleged in the complaint and bill of particulars. Except through the medium of an amended complaint the plaintiff may not defeat the defendant’s motion because he may have a good cause of action on a differently stated complaint (Potolski Int. v. Hall’s Boat Corp., 282 App. Div. 44, 48). The defendant’s motion is denied but the plaintiff is directed to serve an amended complaint within 20 days after service of a copy of the order to be entered hereon with notice of entry (cf. Frankenheim v. Altman & Co., 1 A D 2d 200; Shientag, Summary Judgment, pp. 72-73).