*506 OPINION OF THE COURT
Alan D. Oshrin, J.
Ordered that the petitioner’s Lien Law §201-a application to cancel the lien of Kallmeyer & Sons Truck Tire Service Inc. on the 1988 Dorsey Semi-Trailer (VIN No. IDTV63D20JA185770) owned by Four Star Dairy, Inc. and in which the petitioner has a security interest is granted only to the extent that the lien is deemed void as against the security interest of the petitioner except to the extent of the value of goods provided and services rendered during the 30 days immediately preceding the time Kallmeyer permitted the trailer to go out of its possession for the last time; and it is further
Ordered that the petitioner’s CPLR article 71 application for seizure of the 1988 Dorsey Semi-Trailer (VIN No. IDTV63D20JA185770) is granted to the extent that upon furnishing an undertaking in the amount of $34,000 in full compliance with CPLR 7102 (e) and CPLR article 25 an order of seizure will be issued by the court.
In July of 1988 Four Star Diary, Inc. (hereinafter Four Star) borrowed $54,240 from ITT Commercial Finance Corp. (hereinafter ITT). Four Star executed a promissory note calling for 60 monthly installments and a financing agreement giving ITT a security interest in a Dorsey Semi-Trailer (VIN No. IDTV63D20JA185770). The financing agreement provided that ITT’s security interest in the collateral was a perfected, first priority security interest. The lien evidencing this security interest was duly recorded.
By letter dated October 5, 1992 ITT advised Four Star that it failed to make its monthly payments for August and September, that the entire balance due was accelerated pursuant to the terms of the note and financing agreement, and that if appropriate payment was not made by October 16, 1992 ITT would exercise all of its legal rights and remedies.
At the same time, on October 6, 1992 the respondent, Kallmeyer & Sons Truck Tire Service Inc. (hereinafter Kallmeyer), served a notice of lien and notice of sale in accordance with section 201 of the Lien Law. The notice states that Kallmeyer has a lien in the amount of $5,072.72 against a "1988 Dorse Semi-Trlr VIN IDTV63D20JA185770” and that if payment is not made, the trailer will be sold on November 13, 1992.
ITT commenced this special proceeding pursuant to section *507 201-a of the Lien Law to determine the validity of and to cancel the lien of Kallmeyer. The record indicates that Kallmeyer performed work, labor and services on the subject vehicle in the amount of $3,574.80 evidenced by the invoice dated October 31, 1991; in the amount of $81 evidenced by the invoice dated November 20, 1991, and in the amount of $241.92 evidenced by the invoice dated January 20, 1992. Additionally, the record indicates storage charges for a 37-day period from August 31 to October 6, 1992 in the amount of $925. An examination of these invoices reveals that subsequent to the initial work in October of 1991 the vehicle was returned to Four Star. A $32 road service charge appears on the November 20, 1991 invoice and a $32 road service charge (at Robinsons) appears on the January 20, 1992 invoice. The invoice of October 6th for 37 days’ storage indicates that the subject trailer once again came into Kallmeyer’s possession in August of 1992.
The notice of lien dated October 6, 1992 indicates Kallmeyer is asserting a lien pursuant to section 184 of the Lien Law. This section provides a statutory lien to one who keeps a garage or place for the storage, maintenance, keeping or repair of motor vehicles. The statute provides in pertinent part that one who stores, maintains or repairs a motor vehicle "has a lien upon such motor vehicle * * * for the sum due for such towing, storing, maintaining, keeping or repairing of such motor vehicle * * * and may detain such motor vehicle * * * at any time it may be lawfully in his possession until such sum is paid, except that if the lienor, subsequent to thirty days from the accrual of such lien, allows the motor vehicle * * * out of his actual possession the lien provided for in this section shall thereupon become void as against all security interests, whether or not perfected * * * notwithstanding possession of such motor vehicle * * * is thereafter acquired by such lienor” (Lien Law § 184 [1]).
Accordingly, inasmuch as the record indicates that the subject vehicle was out of Kallmeyer’s actual possession subsequent to 30 days from the accrual of such lien, by the plain language of section 184 Kallmeyer’s lien in the 1988 Dorsey Semi-Trailer is void as against ITT’s perfected security interest — except for the 30 days immediately preceding the time Kallmeyer permitted the trailer to go out of its possession— notwithstanding that the trailer may thereafter have been reacquired by Kallmeyer (see, e.g., Sterling Motor Truck Co. v Lavan, 260 NY 43 [1932]; Watertown Natl. Bank v Van *508 Cortlandt Garage, 273 App Div 826 [1948]; Smith v Pierce-Arrow Sales Corp., 224 App Div 769 [1928]; Goodrich Silver-town Stores v Valentine, 10 NYS2d 447 [1939]; C.I.T. Corp. v Schubert, 137 Misc 514 [1930]).
The court recognizes that section 9-310 of the Uniform Commercial Code affords a priority to liens securing claims arising from work, labor and services over a prior security interest even though perfected (see, e.g., Motor Discount Corp. v Scrappy & Peck Auto Body, 12 NY2d 227 [1963]; Schleimer v Arrowhead Garage, 46 Misc 2d 607 [1965], affd 49 Misc 2d 775 [1966]). The court also recognizes that UCC 9-310 provides that such lien "takes priority over a perfected security interest unless the lien is statutory and the statute expressly provides otherwise”. Reading Lien Law § 184 in conjunction with UCC 9-310 the statutory lien of section 184 has a priority over a perfected security interest unless the lienholder allows the property out of his actual possession subsequent to 30 days from the accrual of such lien. That being what has occurred here, the lien of Kallmeyer is void as against ITT by operation of Lien Law § 184 and the "expressly provides otherwise” language of UCC 9-310.
Here the trailer in question was released from the possession of Kallmeyer to Four Star for use in Four Star’s business. Subsequently, and after the expiration of 30 days, the trailer was returned to Kallmeyer for repairs unrelated to the repairs made during the original possession. By operation of section 184 of the Lien Law the lien of Kallmeyer is void as against ITT, notwithstanding the reacquisition of the trailer by Kallmeyer, except to the extent of the 30 days immediately preceding the time Kallmeyer permitted the trailer to go out of its possession for the last time. Inasmuch as the court cannot determine on the record presented the date on which Kallmeyer last let the trailer out of its possession or the goods provided or services rendered in the 30-day period preceding such date, the respondent, Kallmeyer, shall furnish such information to the petitioner and the court within 20 days of the date of this order.
With respect to the petitioner’s application for an order of seizure, having satisfied the requirement of CPLR 7102 (c) upon the furnishing of an undertaking in the amount of $34,000 in full compliance with CPLR 7102 (e) and CPLR article 25 an order of seizure will be issued by the court.