WALTER ELSFELDER, Respondent, *v.* EDOUARD L. COURNAND, Sole General Partner of the Limited Partnership Transacting Business under the Name of E. L. COURNAND & Co., Appellant.

First Department, December 20, 1945.

*Donald I. Peyser* of counsel (*Katz & Sommerich* with him on the brief; *Higgins, Brenner & Higgins,* attorneys), for appellant.

*Isidor Unger* of counsel (*Charles L. Kahn,* attorney), for respondent.

COHN, J. The basis of appellant's motion for summary judgment to dismiss the complaint is that the contract sued on is void under the Statute of Frauds (Personal Property Law, § 31, subd. 1).

The action is brought to recover commissions. Respondent, who is the employee, alleges that in January, 1944, he entered into an oral agreement with Plastics Moulding Corporation, a Delaware corporation; that the corporation was dissolved on October 17, 1944, and that before its dissolution the obligations of the corporation under the agreement were assumed by appellant, who is the employer.

Respondent claims that by the terms of the contract he was employed as sales manager and salesman at a rate of commission of 5% on certain work and a minimum of 1% on other work, unless a greater percentage was thereafter agreed upon; that he was to receive a drawing account of $100 per week against his commissions; that the contract was terminable by either party on thirty days' written notice, but in the event of such termination by either party, the appellant would nevertheless remain obligated, without limitation of time, to continue to pay his commissions on any reorders thereafter received by appellant. Commissions which respondent seeks to recover are on sales effected by him and on reorders from respondent's customers, all of which were accepted by appellant.

Neither the alleged agreement nor any memorandum thereof was subscribed to by the party to be charged.

The general rule is that oral contracts which admit of performance within a year from the making thereof, though unlikely to be thus performed, are not within the statute. (*Trustees of First Baptist Church* v. *Brooklyn Fire Ins. Co.*, 19 N. Y. 305; *Kent* v. *Kent*, 62 N. Y. 560; *W. C. & M. Co.* v. *Holbrook*, 118 N. Y. 586.)

The affidavit submitted in support of the motion for summary judgment for a dismissal of the complaint emphasizes that the obligation of appellant's predecessor under the contract made in January, 1944, was to continue for an unlimited time. Such a contract by its terms could not be performed within a year from the making thereof and consequently is within the Statute of Frauds.

The agreement here is essentially similar to the oral contract involved in *Cohen* v. *Bartgis Bros. Co.* (264 App. Div. 260, affd. 289 N. Y. 846) wherein this court decided that in an action to recover upon such an agreement, the Statute of Frauds is a good and sufficient defense. In that case UNTERMYER, J., writing for the court, said: '' But the contract here * * * not only is * * * of indefinite duration but, by its terms, an obligation is imposed on the defendant which continues so long as the defendant and Resolute Paper Products Corp. exist. * * * Unlike contracts which require the performance of a single act which may or may not be executed within a year, *the contract here requires the defendant, for an unlimited period of time, to pay commissions on orders accepted from Resolute Paper Products Corp. and, therefore, is impossible of performance within a year.*

'' It is suggested that Resolute Paper Products Corp. or the defendant might retire from business or dissolve within a year, in which event the contract would be impossible of further performance and thus would terminate. But ' termination is not performance, but rather the destruction of the contract * * * where there is no provision authorizing either of the parties to terminate as a matter of right.' * * * We must distinguish between ' performance ' which fulfils the contract and circumstances which defeat its purpose. (2 Williston on Contracts [Rev. ed.], § 499.) '' (Emphasis ours.)

In opposing the motion for summary judgment, respondent does not dispute appellant's interpretation of the agreement to the effect that the obligation of Plastics Moulding Corporation and appellant partnership to pay to respondent commissions on reorders subsequently received from respondent's customers '' would continue in perpetuity.'' No attempt is made to show

anything in the terms of the contract which is consistent with complete performance within a year. Respondent does not assert that when the alleged agreement was made the existence of the Plastics Moulding Corporation was in any wise limited as to duration by its charter or by the laws of the State under which it was created. What is stated merely confirms appellant's claim that the contract is unenforcible. Yet it is argued by respondent that since he has rendered services to appellant, he has a cause of action in *quantum meruit*. However, no such cause of action is pleaded. The present suit is based solely upon a contract set forth in detail which we hold is barred by the Statute of Frauds.

Where, as here, an express contract is unenforcible by reason of the Statute of Frauds, a party to the agreement may be entitled to reasonable compensation for services actually rendered by him. (*Galvin* v. *Prentice,* 45 N. Y. 162; *Harmon* v. *Peats Co.,* 243 N. Y. 473.) If the employee is to proceed on this theory he must disregard the contract and treat it as a nullity. He must sue not upon the theory of a special contract but upon a claim for the reasonable value of his services. (*Parver* v. *Matthews-Kadetsky Co., Inc.,* 242 App. Div. 1.)

Respondent may not defeat appellant's motion for summary judgment because he may have a cause of action different from the one set forth in the complaint. (*Cohen* v. *City Company of New York,* 283 N. Y. 112.) Though appellant has shown a clear right to summary judgment upon the cause of action pleaded, we think that respondent should be afforded an opportunity, if so advised, to serve an amended complaint setting forth a claim for compensation upon a *quantum meruit* basis.

The order appealed from should be reversed, with $20 costs and disbursements to the appellant, and the motion for summary judgment dismissing the complaint should be granted, with leave to the plaintiff-respondent to serve an amended complaint within ten days after service of the order with notice of entry upon the payment of said costs.

Martin, P. J., Townley and Callahan, JJ., concur; Wasservogel, J., dissents and votes to affirm.

Order reversed, with $20 costs and disbursements to the appellant, and the motion for summary judgment dismissing the complaint granted, with leave to the plaintiff-respondent to serve an amended complaint within ten days after service of order with notice of entry thereof on payment of said costs.