LAURENT DE CAMP et al., Respondents, *v.* ARNOLD BERNHARD et al., Appellants.

Appeal from an order of the Supreme Court at Special Term, entered January 29, 1952, in New York County, which denied a motion by defendants for summary judgment dismissing the complaint under rule 113 of the Rules of Civil Practice.

*Per Curiam.* By the express terms of plaintiffs' complaint, the claimed employment contract alleged therein for the calendar year of 1951 is within the Statute of Frauds, and the papers or memoranda relied on by plaintiffs, whether read severally or together, are not sufficient to satisfy such statute as to the oral agreement claimed. Accordingly, the order appealed from denying defendants' motion for summary judgment must be reversed.

An affidavit, however, by plaintiff, de Camp, alleges a different state of facts which, if proved, might avoid the statute; but that is not the contract relied on in this complaint. In that state of facts, on the authority of *Elsfelder* v. *Cournand* (270 App. Div. 162, 165 [1st Dept., Dec., 1945]), the order denying defendants' motion for summary judgment should be reversed, with $20 costs and disbursements, the motion granted, and the complaint dismissed, with costs to defendants-appellants, with leave to plaintiffs, if so advised, to serve an amended complaint within ten days after service of order with notice of entry thereof on payment of said costs.

PECK, P. J., (dissenting in part). I am in accord with the decision of the court insofar as it reverses the order appealed from and grants the defendants' motion for summary judgment. I dissent insofar as leave is granted to serve an amended complaint.

The facts and considerations which prompted the court to allow an amendment in *Elsfelder* v. *Cournand* (270 App. Div. 162, 165) were altogether different from those presented in this case. There the court harkened to the plaintiff's plea that he had a cause of action in *quantum meruit,* and said: "Where, as here, an express contract is unenforcible by reason of the Statute of Frauds, a party to the agreement may be entitled to reasonable compensation for services actually rendered by him. (*Galvin* v. *Prentice,* 45 N. Y. 162; *Harmon* v. *Peats Co.,* 243 N. Y. 473). If the employee is to proceed on this theory he must disregard the contract and treat it as a nullity. He must sue not upon the theory of a special contract but upon a claim for the reasonable value of his services. (*Parver* v. *Matthews-Kadetsky Co., Inc.,* 242 App. Div. 1.) "

If the plaintiffs here were saying, or could say, that they had rendered services for which they had not been compensated, and were asking leave to disregard their contract and assert a claim in *quantum meruit,* an amendment would be in order. That, however, is not plaintiffs' plea. On the contrary, it appears from the complaint that plaintiffs have been paid for all services rendered, and they seek compensation for a period when they were not employed upon the theory that they had an oral contract for the calendar year 1951. They suggest nothing differently now, but would like to avoid the allegations of their complaint that the contract was made in the month of November, 1950.

These allegations were no lapse on the part of the pleader or mistake on the part of the plaintiffs, who verified the complaint. In examinations before trial plaintiffs reiterated that their oral agreement was made in the month of November or December, 1950, and was for the calendar year 1951. Obviously such a contract runs afoul of the Statute of Frauds. They may now be willing, in

avoidance and at variance with their prior oath, to move the date of the making of the alleged contract up to 1951. That is perhaps their privilege by the institution of a new action. I see nothing in the situation, however, which should prompt the court to give gratuitous sanction to this change of position by granting leave to amend.

Dore, Cohn, Callahan and Shientag, JJ., concur in Per Curiam opinion; Peck, P. J., dissents in part, in opinion.

Order reversed, with $20 costs and disbursements to appellant, and the motion granted, and judgment is directed to be entered dismissing the complaint herein, with costs, with leave to the plaintiffs, if so advised, to serve an amended complaint within ten days after service of a copy of the order, with notice of entry thereof, on payment of said costs and disbursements. Settle order on notice.