Morris Eder, J.
Defendants move pursuant to subdivision 7 of rule 107 of the Buies of Civil Practice to dismiss the second amended complaint “ on the ground that the contract on which the action is founded is unenforceable under the provisions of the Statute of Frauds.”
This complaint alleges that prior to September, 1954 plaintiff owned a manufacturing business; that defendants conspired to appropriate unto themselves his customers and sources of supply; fraudulently induced him to enter into an oral agreement on or about September 1, 1954 to close down his business and be employed by them at an agreed salary for one year plus a stated commission on new business obtained by him ‘ ‘ during said period”; said employment not to commence until two months after shutting down in order to enable defendants to take over plaintiff’s business free of the union’s customary insistence that discharged workers be hired by a successor firm, defendants agreeing to pay him $600 for remaining idle during the two months; that plaintiff performed in accordance with this understanding but, when the two-month period expired, defendants refused to pay the $600 or to hire him. Plaintiff alleges *91 that defendants solicited and obtained many of his customers, and he aslcs damages for the loss of his business and customers.
The cause of action is based upon the alleged falsity of the promise made “ with intent to deceive plaintiff.” Defendants urge that a promise which is void under the statute cannot be made the basis of an action in fraud. The oral agreement of employment was for a period of one year, to commence after two months of idleness, and is void as, by its own terms, it was 11 not to be performed within one year from the making thereof ” (Personal Property Law, § 31, subd. 1).
Plaintiff contends that the prior determination of this court on the motion to dismiss the first amended complaint on this ground or, in the alternative, to require plaintiff to make the complaint more definite and certain, established the law of the case that the statute did not bar this cause of action for fraud. That motion was granted only to the extent of directing the service of a complaint which would definitely state the date of the alleged agreement and the period of the hiring and commissions (concerning both of which the first amended complaint was silent). The opinion stated that the first amended complaint “ sets forth a cause of action predicated solely upon fraud and deceit.” There was no specific denial of the branch of the motion to dismiss, although the inference may be drawn from the disposition made when considered with the opinion that the statute was deemed inapplicable to this fraud action. Had it been regarded as applicable, dismissal would have been required in view of the agreement as to commissions being alleged therein to be payable without time limitation (Elsfelder v. Cournand, 270 App. Div. 162). On the other hand, it may be argued that too much significance should not be accorded the remark above quoted in view of the lack of any disposition of the branch of the motion requesting dismissal, especially since specification as to dates was required in a new amended complaint, thus implying that the question of the statute’s effect could be put to a later test depending upon what period of time would be set forth. Since the prior determination does not so clearly establish the “ law of the case ” that it should be deemed binding on this motion addressed to the second amended complaint, despite the fairly strong inference contained in the opinion and the close identity of both complaints, I believe it is incumbent upon me to pass on the question now.
Defendants cite, in support of their contention that this complaint though framed in fraud must be dismissed, Dung v. Parker (52 N. Y. 494), Subirana v. Munds (282 N. Y. 726) and Redlark Realty Corp. v. Minkin (306 N. Y. 762). These cases *92 hold that where a plaintiff is compelled to make a promise, void by statute, an essential part of his case, the statute stands as a barrier to recovery in any form of action he may bring; otherwise, the void promise could be indirectly enforced, and the purpose of the statute thwarted, merely by including allegations of intent to deceive and suing in fraud rather than breach of contract.
We have, on the other hand, a line of cases holding that where an express contract is unenforcible by reason of the statute, plaintiff may nevertheless recover the reasonable value of any services which he has performed with relation to it (see, for example, Harmon v. Peats Co., 243 N. Y. 473). The rationale underlying these decisions is that the statute designed to prevent fraud, should not be used as an instrument of fraud; that it should be a shield and not a sword. Unjust enrichment is the basis of liability regardless of the promise itself being void. The action is not based on the void agreement, though reference thereto may be necessary to explain the services performed, and the reasonable value to be awarded may not be measured by the contract amount.
This complaint is consistent with the second group of cases. The fraud is alleged to be in furtherance of defendants’ conspiracy to take over plaintiff’s business and customers, which, it is alleged, was actually accomplished. Basically there is no difference between this and the case of a plaintiff who has rendered services relying upon a void oral agreement. No damages are claimed attributable to the breach of employment agreement as such. Whether plaintiff’s damages should be limited to those strictly involved in defendants’ enrichment, need not be decided at this time. We are concerned only with the sufficiency of the complaint.
The motion is accordingly denied.