James E. Mulcahy, J.
Defendant’s motion for summary judgment under rule 113 of the Rules of Civil Practice is granted. The complaint is dismissed. Judgment may be entered accordingly in favor of the defendant. Execution of judgment for costs is stayed for 10 days after service upon the attorney for the plaintiff of notice of entry of judgment.
The agreement between the parties provided: “ In the event that the Employee shall remain in the employ of the Employer on and after March 1, 1955 without a written agreement between the parties to cover a definite extended period, then and in such event, the employment shall be on the same terms and conditions as herein provided, but terminable, at will, by either party hereto on two (2) weeks’ notice in writing, served upon the other.” And it also provided: “ No provision of this Agreement shall be, changed or modified, nor shall this Agreement be discharged in whole or in part, except by an agreement in writing, signed by the party against whom such change, modification or discharge is claimed or sought to be enforced.” Hence, the alleged oral agreement or understanding upon which the plaintiff relies is not provable (Personal Property Law, § 33-c). It is true that to the extent that it has already been executed by the payments of larger sums ($300 per week instead of $250) the court will leave the parties where it finds them (also in this connection, cf. McKenzie v. Harrison, 120 N. Y. 260), but to the extent that it remains unexecuted it is not enforcible.
Nor has the plaintiff a remedy in quantum meruit, the point being that he is firmly bound by the original written agreement and may prove nothing at variance therefrom. He is not in the same position as one who is bound by no written agreement but seeks to prove an oral arrangement which is not enforcible. To such a case but not to that in hand the rule of Elsfelder v. Cournand (270 App. Div. 162) applies. Here there is a binding written agreement.
*637 I find here no accord and satisfaction. Indeed, section 33-c of the Personal Property Law would have little meaning or effect if it could be circumvented by executory arrangements such as that which is claimed here. To characterize such an arrangement as an accord and satisfaction is merely an exercise in nomenclature in disregard of the realities. In the face of the written agreement specifically covering his continued employment beyond the period originally specified therein, the plaintiff could not effect a binding change having executory force without another writing.