SAM SHAPOLSKY, Respondent, *v.* HARRY SHAPOLSKY et al., Appellants.

First Department, November 19, 1964.

*Jay Leo Rothschild* for appellants.

*Samuel Beck* of counsel (*Markewich Rosenhaus Beck & Garfinkel,* attorneys), for respondent.

*Per Curiam.* This is an appeal from an order of Special Term denying defendants' motion to dismiss the complaint for insufficiency or, in the alternative, to compel the separate stating and numbering of the causes of action. We conclude that the order should be reversed and the complaint dismissed.

CPLR 3013 is less exacting in its requirements for pleading than was section 241 of the Civil Practice Act. Under the present law a pleading is sufficient if it gives "the court and parties notice of the transactions" on which the plaintiff relies and sets forth the "material elements of each cause of action". However, it is still essential, despite the liberalization, that the pleading enable the defendant to determine the nature of the plaintiff's grievances and the relief he seeks in consequence of the alleged wrongs.

It is most difficult, if at all possible, to determine exactly what are the causes of action that the plaintiff pleads in this case.

The plaintiff alleges misappropriation of funds and conversion of corporate assets by one of the defendants. That would

seem to give rise to a stockholder's derivative suit, and yet the complaint is in the plaintiff's individual capacity. With respect to dividends — the plaintiff demands that each of the defendants "account to plaintiff for all dividends and distributions to which plaintiff is entitled". However, there is nothing in the complaint from which it can be determined whether it is claimed that dividends had been declared, and that having been declared plaintiff did not receive them. It is also quite possible that the plaintiff is really complaining about the respective corporations' failure to declare dividends. If that be the plaintiff's claim, then his action would not be against the individuals but only against the corporations. It is rather difficult for the defendant to answer that phase of the complaint upon allegations so vaguely stated, and demand for relief so indefinitely set forth.

The plaintiff in the main complains about not having received the certificates of stock from the various corporations, which he claims he is entitled to receive. That is the cornerstone of his complaint — the ownership of shares. Yet it is difficult to ascertain from the complaint how he became entitled to such shares and how he fixes the percentages demanded.

In short, while the complaint puts the defendants on notice that the plaintiff has some grievances against the corporations and the individuals, it fails to give notice of "the material elements of each cause of action" the plaintiff attempts to set forth. In other words, the complaint does not comply with the minimal requirements of CPLR 3013 and it should therefore be dismissed.

In the exercise of discretion leave is granted to the plaintiff to replead. Should he desire to do so we suggest that it is inappropriate to join together the claims against 24 corporations in one cause of action. We cannot tell from the complaint how the plaintiff claims to have acquired the right to stock in each of the several corporations, nor is there anything to indicate what consideration, if any, was given to each of the corporations to entitle the plaintiff to the stock he claims. Quite apart from that, each corporation will be required to answer each of the allegations of the complaint. As the complaint is now written it is difficult for the respective corporations to determine which of the allegations has reference to it. We believe it would make for more orderly delineation of the issues if the claim against each of the corporate defendants were treated in a separate cause of action.

Accordingly, the order filed March 30, 1964 denying defendants' motion to dismiss the complaint for insufficiency or, in the alternative, to compel the plaintiff to separately state and

number his causes of action, should be reversed on the law and in the exercise of discretion, with costs, and the complaint dismissed with leave to the plaintiff to replead if he be so advised.

BREITEL, J. P., RABIN, VALENTE, McNALLY and STEUER, JJ., concur.

Order, entered on March 30, 1964, unanimously reversed, on the law, with $30 costs and disbursements to appellants, and the complaint dismissed with leave to the plaintiff, in the exercise of discretion, to replead if he be so advised.