■ IRVING FINANCE CORPORATION, Respondent, v. HORST A. WEGENER, Individually and Doing Business as Wegener & Co., Defendant-Appellant and Third-Party Plaintiff-Appellant. ERIC PUSINELLI, Individually and as a Partner in ERIC PUSINELLI, a Partnership, and as President of IRVING FINANCE CORPORATION, Third-Party Defendant-Respondent.— Appeals from order, entered October 18, 1967, and from judgment entered thereon, consolidated. The order unanimously modified, on the law and the facts, to strike the first and third decretal paragraphs thereof and in lieu thereof to provide that the motion by plaintiff is granted, to the extent of severing the first cause of action and directing partial summary judgment thereon in plaintiff's favor in the sum

of $1,800 with interest thereon from October 2, 1965, with costs and disbursements as heretofore taxed; said order otherwise affirmed, without costs and disbursements, and plaintiff's motion granted in accordance with the relief directed by said order as modified, without prejudice, however, to an application by defendant at Special Term within 30 days from entry of order hereon for service of amended answer and amended third-party complaint. Judgment entered on said order modified to strike the first decretal paragraph thereof and in lieu thereof to provide for recovery by plaintiff against defendant in the sum of $1,800 on the first cause of action with interest thereon from October 2, 1965, with costs and disbursements as heretofore taxed, and judgment otherwise affirmed, without costs and disbursements, without prejudice to an application as aforesaid by defendant to serve an amended answer and third-party complaint. Inasmuch as the two alleged complete defenses, the alleged counterclaim, and the third-party complaint as pleaded lack support and are not sustainable, they were properly dismissed. The affidavits, however, disclose issues of fact bearing upon plaintiff's right to recover for the alleged advances set forth in the second cause of action. It appears that the alleged advances were made pursuant to a written agreement between the plaintiff and the defendant for the purpose of enabling the defendant to liquidate pressing liabilities, including federal tax obligations. However, it further appears that such agreement was directly related to and apparently furnished some consideration for a transaction whereby one Pusinelli, an accountant and the sole stockholder and president of plaintiff, was to acquire defendant's accounting practice, and the parties entered into a written agreement whereby Pusinelli would service the accounting clients of defendant and Pusinelli would employ defendant for a stated period as a member of the Pusinelli staff. Significantly, the written agreement covering the advances provides no time for repayment of the same but provides that there is assigned as collateral security the income in excess of the basic compensation payable by Pusinelli to defendant in accordance with the provisions of the employment agreement. On the basis of the affidavits in the record, it appears that there are issues of fact as to whether the advances made by the plaintiff were intended to be payable on demand as alleged in the complaint or whether they were repayable within a reasonable time under all the circumstances. Of course, any express agreement or implied understanding as to the time of repayment may be controlling. Furthermore, it appears that moneys owing by Pusinelli under his agreement with defendant may be available as an offset against plaintiff's claim, and defendant claims that there are such moneys. It is true that defendant's pleadings may not be so framed as to properly present the issues appearing from the proofs in the record, but it is settled that a motion for summary judgment, to be decided in the interests of justice, is " to be determined upon the facts appearing in the record without regard to technical defects or deficiencies in pleading." (*Jordan* v. *Levy*, 16 A D 2d 64, 66; see, also, *Chatham Security Corp.* v. *Williston & Beane*, 16 A D 2d 764; *Northern Operating Corp.* v. *Anopol*, 25 A D 2d 551.) Ultimately, the defendant may litigate only bona fide issues, if any, presented by duly amended pleadings, but it is not intended that this memorandum, discussing apparent issues, shall have the effect of limiting the defendant from presenting other issues, defenses or counterclaims by proper pleadings. Concur — Botein, P. J., Stevens, Eager, Capozzoli and Macken, JJ.