## (May 7, 1970)

■ RAYMOND BABTKIS ASSOCIATES, INC., Respondent, v. TARAZI REALTY CORPORATION, Appellant.— Order, entered August 11, 1969, reversed, on the law, with $50 costs and disbursements to the appellant, and defendant's motion for summary judgment dismissing the complaint is granted with permission to plaintiff to apply to Special Term for leave to serve an amended complaint. The complaint (which improperly combines two claimed causes of action into a singly stated cause) is premised mainly on an oral agreement which, as pleaded, is invalid under the Statute of Frauds. The complaint alleges the employment by the defendant of the plaintiff as a broker to procure a tenant for certain premises upon an agreement by the defendant "to pay to the plaintiff commissions at the rates recommended by the Real Estate Board of New York, Inc." It is then alleged that the plaintiff did procure a ready, willing and able tenant to lease the premises "for a term of 21 years at a rental of $30,000 per annum for the first five years thereof $35,000 per annum for the second five years thereof and $45,000 per annum for the remaining eleven years thereof as against 7% of the gross sales to be made by the said tenant procured by the plaintiff". It is further alleged that the term, rental and other conditions of the lease were mutually satisfactory and agreeable to the defendant and the proposed tenant. Concededly, where the rental is based in whole or in part upon a percentage of the gross receipts of the lessee's yearly business, the rules of the Real Estate Board provide that the commission shall be computed at specified rates upon the rental which is determined by applying a set percentage to the annual gross receipts. Under these rules, although a broker is entitled to receive immediately that portion of his commission which may be determined upon the basis of the specified minimum rental for the entire term of the lease, his full commission cannot be determined until a computation based on the gross receipts is made at the end of each year. Therefore, the agreement as pleaded by plaintiff is not to be performed within one year and, inasmuch as it is not evidenced by any note or memorandum, it would be void under the Statute of Frauds. (General Obligations Law, § 5–701, subd. 1; see *Mosberg* v. *Judson Enterprises,* 139 N. Y. S. 2d 780; *Jaffe* v. *New York Towers,* 108 N. Y. S. 2d 193.) The plaintiff, contending that the Statute of Frauds is not applicable to the particular agreement between the parties, avers that representatives of the defendant landlord stated that "they would not pay me [plaintiff] any commission based on the percentage rental"; and that "I, in turn, agreed to limit my commission insofar as the landlord was concerned, to the fixed minimum rentals and that I would try to arrange additional compensation from the tenant". In support of this unpleaded special agreement, the plaintiff refers to a letter which is in the nature of a self-serving declara-

tion. The plaintiff's complaint further alleges that included within the terms and conditions of the proposed leasing and defendant's agreement, was an agreement by the proposed tenant to pay plaintiff additional commissions upon the closing of the deal. Thereupon, the plaintiff, as stated in its complaint, seeks recovery of the amount of such commissions from the defendant, " representing the damages sustained by the plaintiff and which the plaintiff would have received from the tenant, but for the failure and refusal of the defendant to lease the premises to the said tenant procured by the plaintiff upon the foregoing mutually agreeable terms and conditions ". The plaintiff cites *Wishnow* v. *Kingsway Estates* (26 A D 2d 61); *Ackman* v. *Taylor* (185 Misc. 807, affd. 269 App. Div. 1025, affd. 296 N. Y. 597) and *Duross Co.* v. *Evans* (22 A D 2d 573). The plaintiff, however, fails to plead a valid agreement with the tenant to pay commissions, nor the terms and conditions of such an agreement. Consequently, it does not appear from the allegations of plaintiff's complaint that the plaintiff has in fact a valid cause of action against the defendant for the recovery of such commissions. It is well settled that a plaintiff may not defeat a motion for summary judgment on the ground that he may have a cause of action on a differently stated complaint. (See *Cohen* v. *City Co. of New York*, 283 N. Y. 112; *Bright* v. *O'Neill*, 3 A D 2d 728; *Elsfelder* v. *Cournand*, 270 App. Div. 162, 165; *Potolski Int.* v. *Hall's Boat Corp.*, 282 App. Div. 44, 48.) In the special circumstances here, however, the plaintiff, upon proof that it has a valid cause or causes of action against defendant and upon submission of a proposed amended complaint, may apply to Special Term for leave to serve the amended complaint. Such application is to be made within 30 days after entry of order hereon. (See *Wolfson* v. *Mandell*, 13 A D 2d 760, affd. 11 N Y 2d 704; *Gaylor Petroleum Sales Corp.* v. *Gulf Oil Corp.*, 3 A D 2d 834; *Bright* v. *O'Neill, supra*; *de Camp* v. *Bernhard*, 280 App. Div. 754; *Elsfelder* v. *Cournand, supra*; see, also, *Cushman & Wakefield* v. *John David, Inc.*, 25 A D 2d 133.) Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.