Cooke, J.
(concurring). It is agreed that the order of the Appellate Division should be affirmed — but on the opinions of Mr. Justice Edward J. Greenfield at Special Term (see, also, Underhill Constr. Corp. v New York Tel. Co., 44 NY2d 666, affg 56 AD2d 760). With respect to plaintiff’s sixth cause of action, it is also agreed that summary judgment dismissing said cause was properly granted.
The majority, however, observes that said sixth cause appears to be for breach of contract and that plaintiff on appeal contends that said cause is one for tortious interference with *283 its performance of the contract (p 280). It then holds: "In any event, because this case involves summary judgment, not sufficiency of the complaint, failure to state a tort cause of action in pleadings would not be sufficient to permit unconditional summary judgment in favor of defendant, as a matter of law, if plaintiffs submissions provided evidentiary facts making out a cause of action” (p 280). It is this holding and its serious implications that cause concern. Only the CPLR and post-CPLR authorities will be cited in this discussion.
It is respectfully submitted that the majority confuses a defect or deficiency in a cause of action, as actually pleaded, with a cause which might have been asserted but was not. The distinction is crucial.
"While the pleadings are part of the record of a CPLR 3212 motion, a defective complaint or a deficient answer does not sanction an automatic grant or denial of the motion, where the entire record before the court presents facts curing the defect or supplying the deficiency” (4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10, p 32-168; see, also, Irving Fin. Corp. v Wegener, 30 AD2d 958, 959; 6 Carmody-Wait 2d, NY Prac, Summary Judgment, § 39:13, pp 452-453). That rule applies where the facts presented are within the ambit of the cause of action or defense defectively or deficiently pleaded in the complaint or answer. More pertinent to our inquiry, however, is the basic rule that a party may not defeat a motion for summary judgment on the ground that he or she may have a good cause of action other than as alleged in that party’s pleading (Lefft v Canada Life Assur. Co., 40 AD2d 641; Babtkis Assoc. v Tarazi Realty Corp., 34 AD2d 754, 755; Central State Bank v American Appraisal Co., 33 AD2d 1009, 1010, affd 28 NY2d 578; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3212.10, pp 32-168 to 32-169; 6 Carmody-Wait 2d, NY Prac, Summary Judgment, § 39:13, p 455). That rule applies precisely to the instant situation and, consequently, plaintiff should in no event be permitted to defeat the right of the moving defendant, the New York Telephone Company, to summary judgment upon the pleaded cause merely by contending or even showing that plaintiff has a different and unpleaded cause of action.
Pleadings, although protected by the mandate of liberal construction (CPLR 3026), obviously serve an essential function (see, generally, Wachtell, New York Practice Under the CPLR [5th ed], p 147; see, also, CPLR 3011 to 3026, inclusive). *284 CPLR 3013, referred to variously as the "heart”[1] and "soul”[2] of the pleading requirement under the CPLR provides: "Statements in a pleading shall be sufficiently particular to give the court and parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved and the material elements of each cause of action or defense.” The basic requirement of this section is that the pleadings give adequate " 'notice of the transactions * * * intended to be proved and the material elements of [the] cause of action”’ (Spano v Perini Corp., 25 NY2d 11, 18 [Fuld, Ch. J.]; Jerry v Borden Co., 45 AD2d 344, 347 [Hopkins, J.]; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3013.03; Siegel, New York Practice, p 245; First Preliminary Report of NY Adv Comm on Practice and Procedure, 1957, p 63). The cause of action or defense is the thing of which the pleading must give notice (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3013:3, p 612). Of course, the form of the complaint and the label attached by the pleader are not to be exalted to a position of control (Van Gaasbeck v Webatuck Cent. School Dist., No. 1, 21 NY2d 239, 245, 246), but the notice requirement of the statute "must be accomplished with sufficient precision and specificity to enable the court to control the case and to permit the parties to prepare for trial” (3 Weinstein-Korn-Miller, NY Civ Prac, par 3013.03, p 30-216; see Wool-ridge v Rosen, 35 AD2d 714; Meltzer v Klein, 29 AD2d 548). The purpose of the statute is to prevent surprise (Matter of Pittsford Gravel Corp. v Zoning Bd. of Town of Perinton, 43 AD2d 811, 812, mot for lv to app den 34 NY2d 618; Foley v D’Agostino, 21 AD2d 60, 62-63) and, thus, to avoid confusion, delay and injustice.
"[I]t is still essential * * * that the pleading enable the defendant to determine the nature of the plaintiffs grievances and the relief he seeks in consequence of the alleged wrongs” (Shapolsky v Shapolsky, 22 AD2d 91). The giving of notice is the key, and the lack of it either as to the event out of which the grievance arises or as to a material element of each cause of action or defense creates prejudice and violates CPLR 3013 (Siegel, New York Practice, p 246).[3] It is conceded by the *285 majority that the complaint fails to state a tort cause of action for interference with contractual relations (pp 281-282); that is the underlying tenor of its position. Thus, at the very least, a material element of such a cause is lacking and no notice of it was furnished. That being so, in the event plaintiff had submitted on the motion evidentiary facts making out such a cause of action (see pp 279, 281-282), it would be improper for this .court to deny summary judgment to the moving defendant on the theory that plaintiff possesses a tort cause of action.

. (See First Preliminary Report of NY Adv Comm on Practice and Procedure, 1957, p 63; 3 Weinstein-Korn-Miller, NY Civ Prac, par 3013.01.)

. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 3013:1, p 610.)

. The record indicates that the action was commenced against the New York *285 Telephone Company on April 23, 1976. Said party contends that all alleged interferences took place prior to April, 1973 — beyond the three-year period of CPLR 214 (subd 4). If said defendant had known that plaintiffs sixth cause sounded in tort rather than- contract, undoubtedly it would have raised the Statute of. Limitations as e defense at an appropriate time.