(May 7, 1987)

■ WINSTON E. ALLEN et al., Individually and as Shareholders and in the Right of MURRAY HOUSE OWNERS CORP., on Behalf of Themselves and All Others Similarly Situated, Appellants, v MURRAY HOUSE OWNERS CORP. et al., Respondents, et al., Defendants.—Order of the Supreme Court, New York County (Harold Baer, Jr., J.), entered November 7, 1986, which denied plaintiffs' motion to dismiss defendants' first counterclaim and granted plaintiffs' motion to dismiss defendants' second counterclaim, but without prejudice, unanimously reversed to the extent appealed from, on the law, and plaintiffs' motion to dismiss is granted as to both counterclaims which are dismissed without leave to replead, with costs.

The appeal from the order of the same court entered November 7, 1986 is dismissed as superseded by the appeal from the second order entered on the same date disposed of in the preceding decretal paragraph, without costs.

Plaintiffs Winston and Ruby Allen, as 14% shareholders in the Murray House Owners Corporation, brought an action against the cooperative corporation, its officers and its board of directors alleging that the defendants violated corporate bylaws by borrowing $2 million for capital improvements without shareholder approval. In the defendants' amended answer, they asserted two counterclaims which plaintiffs moved to dismiss. The Supreme Court denied plaintiffs' motion as to the first counterclaim but dismissed the second counterclaim "at this time". We reverse and grant plaintiffs' motion to dismiss both counterclaims without leave to replead.

Even if defendants' first counterclaim is construed liberally, as required by CPLR 3026, it fails to state any cause of action

cognizable at law. The defendants' allegation that plaintiffs maliciously breached the cooperative offering plan is so devoid of substance as to require dismissal. Defendants wholly neglect to take note of the fact that the duly enacted corporate bylaws undoubtedly superseded the offering plan upon which they rely. Moreover, even if the offering plan were of any consequence, defendants provide no indication as to the nature of plaintiffs' breach thereof. The only "breach" specified by defendants in their first counterclaim is the commencement of the plaintiffs' lawsuit. Even if it were defendants' intention to raise a counterclaim for abuse of process rather than breach of contract, no cause of action would be stated since mere commencement of a civil action does not of itself constitute the tort of abuse of process. *(Curiano v Suozzi,* 63 NY2d 113, 116 [1984].) Pleadings, such as those here at issue, which palpably fail to provide the court and parties with notice of the transaction or occurrences to be proved require dismissal. *(Shapolsky v Shapolsky,* 22 AD2d 91 [1st Dept 1964].) The second counterclaim was dismissed by the motion court "at this time". Although, as defendants concede, the court did not err in dismissing the counterclaim, leave to replead should not have been permitted. When pleadings are properly dismissed for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court may not allow reassertion of the dismissed cause unless it is satisfied that there are good grounds therefor. (CPLR 3211 [e].) Since defendants gave no indication that there were any, much less good, grounds for their counterclaims and have not submitted any evidentiary material in support thereof (and it should be noted have not requested leave to replead as required by CPLR 3211 [e]), both counterclaims should have been dismissed without leave to replead. Concur—Murphy, P. J., Sandler, Asch and Milonas, JJ.