■ R. B. MILLER ORGANIZATION, INC., Respondent, v VASAP CONSTRUCTION CORP. et al., Appellants.—In an action to recover the balance of a real estate brokerage commission, the defendants appeal from a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated March 30, 1990, which, after a nonjury trial, is in favor of the plaintiff and against them in the principal sum of $46,509.42.

Ordered that the judgment is affirmed, with costs.

The plaintiff, a licensed real estate broker, procured a tenant for commercial premises owned by the defendant Vasap Construction Corp., of which the individual defendants are officers and sole shareholders, pursuant to an oral contract (see, General Obligations Law § 5-701 [a] [10]) which was made following the expiration of a one-year written exclusive agency agreement executed by the plaintiff and the defendant Aldo Vasapoli. The corporate defendant and the tenant, with the plaintiff's assistance, successfully negotiated and executed a 10-year lease but disputes thereafter arose between the plaintiff and the defendants about the manner of payment of the plaintiff's commission which, the record establishes, was a fixed percentage of the rent. The defendants claimed at trial that payment of the commission was conditioned upon payment of rent by the tenant, who, they asserted, vacated the premises at or about the time this litigation was commenced. They also claimed that the plaintiff agreed to a 10-year payment schedule which rendered the entire commission agreement void (cf., General Obligations Law § 5-701 [a] [1]; see also, Gurney, Becker & Bourne v Simon, 89 AD2d 795). The defendants made no claim, however, that the amount due was not determinable at the time of the execution of the lease (cf., Babtkis Assocs. v Tarazi Realty Corp., 34 AD2d 754; see, Pando v Fernandez, 118 AD2d 474).

It is the general rule that a broker who "produces a person ready, willing and able to enter into a contract under his employer's terms * * * has earned his commissions" *(Tanenbaum v Boehm,* 202 NY 293, 299; *Feinberg Bros. Agency v Berted Realty Co.,* 70 NY2d 828, 830; cf., *Babtkis Assocs. v Tarazi Realty Corp., supra).* The record amply supports application of that rule here. Indeed, the defendant Aldo Vasapoli admitted at trial that the commission was not paid because he did not have the funds and that when he spoke with the plaintiff's principal about making payment as the rent came in, he was advised "they don't want it that way". We thus discern no basis for disturbing the Supreme Court's determination that the defendants are liable to the plaintiff for the full commission. Nor do we reach the contention that the individual defendants are not personally liable, inasmuch as that contention is raised for the first time on appeal *(see, e.g., Empire Indus. Sys. Corp. v Northeastern Bank,* 144 AD2d 429, 430; *Rohdie v Michael Guidice, Inc.,* 132 AD2d 541, 542). Harwood, J. P., Balletta, Rosenblatt and Santucci, JJ., concur.