■ UNION STATE BANK, Appellant, v DEBORAH L. BLANK-FORT et al., Respondents. [635 NYS2d 517] —In a mortgage foreclosure action, the plaintiff appeals, as limited by its brief, from so much of (1) an order of the Supreme Court, Rockland County (Bergerman, J.), dated August 22, 1994, as denied the branch of its motion which was for summary judgment against the defendants Deborah L. Blankfort and Carsalon, Inc., and

(2) an order of the same court, dated December 5, 1994, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated August 22, 1994, is dismissed, as that order was superseded by the order dated December 5, 1994, made upon reargument; and it is further,

Ordered that the order dated December 5, 1994, is reversed insofar as appealed from, on the law, the branch of the plaintiff's motion which was for summary judgment against the defendants Deborah L. Blankfort and Carsalon, Inc., is granted, and so much of the order dated August 22, 1994, as denied the branch of the plaintiff's motion which was for summary judgment against the defendants Deborah L. Blankfort and Carsalon, Inc., is vacated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff made a prima facie showing that it was entitled to a judgment of foreclosure as a matter of law against the defendants Deborah L. Blankfort (hereinafter Blankfort) and Carsalon, Inc. (hereinafter Carsalon) *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). The burden then shifted to Blankfort and Carsalon to establish the existence of material triable issues of fact which require a trial of the action *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). Under the circumstances, the allegations of Blankfort and Carsalon concerning the execution of the loan documents were insufficient to defeat the plaintiff's motion for summary judgment *(see, Juliani v Juliani,* 143 AD2d 72, 74; *Columbus Trust Co. v Campolo,* 110 AD2d 616, 617, *affd* 66 NY2d 701). Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.