■ J. RUDOLF GEIGY, Appellant, v P L APARTMENT CORP., Respondent. [645 NYS2d 57]

A sale of property, in its broadest sense, includes any transfer of property from one person to another for a valuable consideration (*see, Halsted v Globe Indem. Co.,* 258 NY 176, 179; *Hudson Iron Co. v Alger,* 54 NY 173). In the instant case, pursuant to a stipulation of settlement between the plaintiff and a nonparty bank, the plaintiff transferred six cooperative apartments and made a payment of $60,000 to the bank. The transfer was effected by the defendant, P L Apartment Corp. In exchange, the bank withdrew two actions it had commenced against the plaintiff and issued to him, *inter alia,* the remainder of funds in an escrow account and the security interest on 26 remaining apartments. Accordingly, the Supreme Court properly declared that the transfer of apartments constituted a sale for which a flip tax may be imposed by the defendant.

Even if this Court were to find that the transaction in question did not constitute a sale, the cooperative offering plan, as twice amended, clearly contemplated that the flip tax would apply to the transfer in the instant case. If the plaintiff had intended more specific exceptions to the flip tax, aside from that already provided, the burden was upon him, as drafter of the document, to so specify, and his failure to do so should not operate to the defendant's detriment (*see, Slamow v Del Col,* 174 AD2d 725). This Court will not make an "artificial interpretation of the [amendments] merely because the * * * [plaintiff] made an improvident bargain" (*Aloi v Board of Educ.,* 81 AD2d 874, 876).

The plaintiff's contention that the transfer constituted an accord and satisfaction is offered for the first time on appeal and, as such, this Court declines to reach it (*see, Matter of Allstate Ins. Co. v Bieder,* 212 AD2d 693, 694; *Miller Org. v Vasap Constr. Corp.,* 184 AD2d 763, 764). Bracken, J. P., O'Brien, Goldstein and Florio, JJ., concur.