■ VARDE VIRGINIA LIMITED PARTNERSHIP, Respondent, v RICHARD KRUMHOLZ et al., Appellants, et al., Defendants. [676 NYS2d 482] —In an action to foreclose on four mortgages, the defendants Richard Krumholz and Susan Krumholz appeal from (1) an order of the Supreme Court, Suffolk County (Jones, J.), dated April 28, 1997, which, *inter alia,* granted the plaintiff's motion for summary judgment against them, (2) an order of the same court, dated July 14, 1997, which appointed a Referee to compute the amount due the plaintiff, and (3) an order of the same court, also dated July 14, 1997, which appointed a receiver for the subject properties.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiff made a prima facie showing that it was entitled to a judgment of foreclosure as a matter of law based on the fact that the appellants executed the loan documents and defaulted on the payments (see, *Fairfield Affiliates v Rosenbaum*, 232 AD2d 522; *ICC Bridgeport Ltd. Partnership v Primrose Dev. Corp.*, 221 AD2d 417). The burden then shifted to the appellants to demonstrate, by admissible evidence, that there were genuine issues of material fact which required a trial (see, *Union State Bank v Blankfort*, 222 AD2d 430, 431). The appellants' conclusory allegation that the plaintiff's predecessors in interest embezzled the tax escrow funds was insufficient, without more, to defeat summary judgment (see, *European Am. Bank v Abramoff*, 201 AD2d 611). Inasmuch as the appellants failed to sustain their burden, summary judgment was properly granted in favor of the plaintiff.

We decline to reach the contention that the appellant Susan Krumholz was released from her mortgage obligations since that issue is raised for the first time on appeal (see, *Miller Org. v Vasap Constr. Corp.*, 184 AD2d 763).

Although the appellants' remaining contentions are without merit, we find no basis to impose sanctions against them. Bracken, J. P., Copertino, McGinity and Luciano, JJ., concur.